Bowen *et al. v.* Van Gundy, Sheriff, *et al.*

Filed February 22, 1893.

———◆———

No. 15,754.

BOWEN ET AL. *v.* VAN GUNDY, SHERIFF, ET AL.

REDEMPTION.—*Clerk Authorized to Receive Redemption Money.*—*Acceptance by Clerk of Check, Draft, or Note, Instead of Money.*—*Liable for as Money.*—*Redemption Valid.*—The clerk is authorized to receive money paid into court for the purpose of redemption, and is responsible for the same on his bond; and, if, instead of receiving money for such purpose, he receives checks, notes, or drafts, as money, and receipts for them as such, he must account for them as money; and, in such case, the redemption is as valid and complete as if money had been tendered and accepted for such purpose.

SAME.—*Junior Mortgagee.*—*When Entitled to Redeem as to all of his Mortgagor's Property Affected by Judgment on Senior Mortgage.*—Where a junior mortgagee foreclosed his mortgage upon a part of the land covered by a senior mortgage, and, in addition to such foreclosure, obtained a personal judgment against his mortgagor, such junior mortgagee had a right to redeem as to all of his mortgagor's property affected by a judgment in favor of the senior mortgagee.

SAME.—*Judgment Creditor.*—*Who is in Meaning of Redemption Statutes.*—*Junior and Senior Mortgagee.*—*Judgment.*—Where two separate actions were

instituted to foreclose respectively a senior and junior mortgage, in part affecting the same property, and by agreement of the parties, and by order of the court the latter suit was consolidated with the former, and separate judgments and decrees were entered, foreclosing each of said mortgages, and in the decree as to the junior mortgage it is stated that such judgment shall be subordinate to the judgment on the senior mortgagee, in such case the junior mortgagee becomes a judgment creditor within the meaning of the redemption statutes.

From the Carroll Circuit Court.

*C. R. Pollard, R. C. Pollard, R. P. Davidson* and *J. C. Davidson,* for appellants.

*L. D. Boyd,* for appellees.

HOWARD, J.—This was a suit for a mandate to compel the appellee Van Gundy to issue a sheriff's deed for lands bought at sheriff's sale.

Appellants' ancestor Abner H. Bowen had heretofore brought suit to foreclose mortgages held by him on certain real estate in Carroll county. Appellee William Everman, also, had brought suit to foreclose a second mortgage held by him on a part of said real estate. By order of court, and agreement of parties, the latter suit was consolidated with the former. In this consolidated action, Abner H. Bowen recovered judgment against the owners of the lands, and a decree of foreclosure, "which judgment and decree was declared to be prior and paramount to the claim and lien of said William Everman." In the same action William Everman obtained a decree of foreclosure against the land covered by his second mortgage, and, also, a personal judgment against his debtor, who owned said land, and also owned the remaining land covered by the mortgage of Bowen. The judgment and decree of Everman was declared to be junior and subordinate to the lien and claim of Abner H. Bowen.

The judgment in favor of Abner H. Bowen was for $7.729.39; and on the sale of the lands mortgaged to him, it was decreed that "the proceeds arising from such sale,

the sheriff is directed to apply, *first,* to the payment of the costs of this action; *secondly,* to the payment of this judgment in favor of the plaintiff Abner H. Bowen; the overplus, if any, remaining after the payment of the foregoing judgment, interest and costs, to be paid by the sheriff to the clerk of this court for the use of the party lawfully authorized to receive the same."

The judgment in favor of William Everman was for $1,369.06; and it was decreed that the lands mortgaged to him should be sold subject to the prior lien of the judgment in favor of Abner H. Bowen, "the priority of which is found, adjudged and declared," and the proceeds of such sale the sheriff is directed to apply, "*First,* to the payment of costs; *secondly,* to the payment of this judgment in favor of William Everman, and the overplus, if any, remaining after payment of the foregoing judgment, interest and costs, to be paid to the clerk of this court for the use of the party lawfully authorized to receive the same; and in the event said mortgaged premises shall fail to sell for a sum sufficient to pay and satisfy said judgment of William Everman, principal, interest and costs, the residue thereof remaining unpaid, shall be levied of the goods and chattels, lands and tenements of the defendants" (owners of all the lands covered by both the Everman and the Bowen mortgages).

Afterwards, as stated in appellants' complaint, the said Abner H. Bowen received from his debtor, upon his " said judgment, the sum of $5,906, leaving the residue unpaid; and on the 8th day of May a certified copy of the said decree and order of sale was sued out by the plaintiff and issued by the clerk of said court to the sheriff of said county, who advertised and offered for sale, on the 21st day of July, 1888, the land in said decree, described as the south half of the southwest qurter of the northwest quarter of section 30, and the northeast quarter of the northwest quarter of section 31, all in township 24, range 1 east.

in said county and State, which were sold to, and purchased by, the plaintiff, at said sheriff's sale, for the sum of $900, and thereupon, at the date aforesaid, the said sheriff executed to the plaintiff a certificate of sale for said lands, in due form of law, which plaintiff still holds."

In the special finding of facts by the court, it is stated that afterwards, to wit: "On the 1st day of September, 1889, being more than one year after the date of said sale, the said Abner H. Bowen presented said certificate to said defendant Van Gundy, as such sheriff, and demanded the execution to him of a sheriff's deed for said lands so purchased by him, which demand the said sheriff refused, claiming that said William Everman had redeemed said lands from said sale by paying to the clerk of said court such sum as was required of him by law, and that, therefore, he could not lawfully execute such sheriff's deed, and refused to do so."

It further appears, that on the 2d day of April, 1889, being within one year after said sale, the said William Everman filed his affidavit in due form with the clerk of the Carroll Circuit Court, reciting his junior judgment and offering to redeem said land from said sale; that he gave to the clerk his check for $955, the sum necessary for such redemption, which check the clerk received as money and had cashed in bank for the full face thereof, and thereupon issued to said Everman a certificate of redemption of said land, from the sale made on the 21st day of July, 1888, on the judgment of Abner H. Bowen, and said clerk has ever since had said money, in gold coin and legal tender notes of the United States, ready to pay over to said Abner H. Bowen, during his life, and to appellants, his heirs, since his decease.

It appears further, that all the requirements of the statute as to filing and recording in the *lis pendens* record were duly observed; that no other person had redeemed said

lands prior to said redemption by Everman, and that the judgment in favor of said Everman has never been paid.

Upon the facts the court found, as conclusions of law, that the appellee Everman had the right to redeem from the sale made to Bowen, and that he did so redeem.

Appellants have assigned numerous errors, but contend for only three, viz.: that the personal check of the redemptioner in lieu of lawful money was not sufficient; that he attempted to redeem two tracts sold at separate bids whilst holding a lien (if any he had) against only one of them; and that he was not a judgment creditor within the meaning of the redemption statutes of this State.

The clerk is authorized to receive money paid into court on judgments, in redemption, and in other cases, and is responsible for the same on his bond. If he so receives checks, notes or drafts as money and receipts for them as such, he must account for them as money. In this case the clerk at once cashed the check in bank, and has ever since held the money ready to pay over to appellants. The clerk might have required the payment to be made in money, but, as he accepted the check as money, the redemption, so far as such payment is concerned, is complete. See *Boyd* v. *Olvey*, 82 Ind. 294; also, *Buford* v. *Henzier*, 8 Bissell, 177.

As to the second alleged error, that appellee Everman attempted to redeem two tracts while holding a lien against only one, it is sufficient to say that appellee's redemption was based upon his judgment, and that, as holding a personal junior judgment lien, he was entitled to redeem from the sale of any property owned by his debtor. His judgment lien covered not only the land described in his own mortgage, but also all other property owned by his debtor, including all the land sold under appellants' prior mortgage.

Finally, was the appellee William Everman a judgment

creditor within the meaning of the redemption statutes of this State?

Section 771, R. S. 1881, provides that, in the absence of a redemption by the owner, " The real estate sold, or any parcel or parcels thereof sold in one body, may be redeemed at any time within one year from the date of sale, by any judgment creditor, his executors, administrators, or assigns holding a judgment or decree against the defendant whose title or interest shall have been sold, which, at the time he or they offer to redeem, shall be a lien upon such title or interest, and which shall be junior to the judgment under which the property was sold."

In the 13th finding of the court in this case it is found that the original judgment " in favor of the said William Everman, and the lien created thereby, was declared therein to be inferior and subordinate to the lien created by said judgment in favor of the said Abner H. Bowen." The original decree is in the record by bill of exceptions, and fully sustains this finding of the court.

In that decree two distinct judgments were rendered, one in favor of Abner H. Bowen, declared to be prior, and one in favor of William Everman, subordinate to the former. In appellants' complaint it is also expressly alleged that the mortgage to appellee Everman, upon which his said judgment is based, "was junior to the mortgages held by the plaintiff."

The decree was not joint; separate and distinct judgments and orders of sale are entered up. In the prior judgment, the sheriff is ordered to apply the proceeds of sale, "*first*, to the payment of the costs of this action; *secondly*, to the payment of this judgment in favor of the plaintiff, Abner H. Bowen, the overplus, if any, remaining after the payment of the foregoing judgment, interest and costs, to be paid by the sheriff to the clerk of this court, for the use of the party lawfully authorized to receive the same." No provision is made for the payment of any part of the

proceeds of the sale under this judgment to the junior creditor, Everman. He is, however, given a distinct judgment of his own for the amount due him, and the lands embraced in his mortgage are ordered sold, subject, however, to the prior lien of the judgment "in favor of Abner H. Bowen, the priority of which is found, adjudged and declared."

Neither was the sale under the decree made by order of Everman, nor did he have any part in it. On the contrary, as alleged in appellants' complaint, "A certified copy of the said decree and order of sale was sued out by the plaintiff and issued by the clerk of said court to the sheriff of said county."

In *Hervey* v. *Krost*, 116 Ind. 268, it is said that "A creditor who directs the sale of his debtor's property is, in contemplation of law, present at the sale, and has the opportunity and is in condition to bid the fair value of the property, at least to an amount equal to the judgment upon which he exposes it to sale. If he bids less than the amount of his claim, or if he permits it to be sold for less, it should be conclusively presumed, as between him and the purchaser, and other creditors holding liens which entitle them to redeem, that the amount of the bid was the true value of the property to him."

Appellants have, therefore, little cause to complain, for, by accepting the sum paid in redemption of the land in this case, they should be conclusively presumed to receive the true value of the property to them. But should appellee be denied the right to redeem; it would be difficult to conceive of what use his judgment was to him. The decree gave him no right to any overplus of the proceeds of sale, should there be any after payment of appellants' prior judgment. The decree, however, did give him a judgment separate from and junior to appellants' judgment, and the statute adds to this the right to redeem from the sale under the senior judgment. We think that the appellee

William Everman pursued the course pointed out by the statute, and that his redemption is complete, and that the court therefore correctly refused to grant appellants' prayer for mandate against appellee Van Gundy, the sheriff.

The judgment is affirmed, with costs.

