KENNEY ET AL. *v.* MONROE ET AL.

[No. 9,883. Filed June 5, 1919.]

1. MORTGAGES.—*Foreclosure.—Redemption by Mortgagee.*—After a mortgagee has once sold the land upon an execution or decree, he cannot redeem from his own sale, in the event that it produces less than the whole amount of the judgment, thereby restoring the lien of the judgment and subjecting the property to resale the same as if no previous sale had been made. p. 385.

2. MORTGAGES.—*Assignment of Mortgage.—Foreclosure by Assignee. —Assignment of Deficiency Judgment to Assignee.—Right to Redeem.—Statutes.*—Where a mortgagee assigned a mortgage and the note secured thereby as collateral to secure the payment of his note to assignee, and, upon foreclosure by assignee, the trial court gave assignee and another creditor of mortgagee liens upon the proceeds of sale to the amount of their debts against assignee, for which sum the property was sold, mortgagee, who had only constructive knowledge of the foreclosure proceedings

and to whom the unpaid balance of the personal judgment rendered against mortgagor had been assigned, was entitled to redeem the land from the sheriff's sale upon compliance with §§814, 815 Burns 1914, §§771, 772 R. S. 1881. p. 386.

From Marion Superior Court (101,294); *W. W. Thornton,* Judge.

Action by James G. Kenney and another against Clara Monroe, Samuel S. Rhodes and others, in which Rhodes filed a cross-complaint. From the judgment rendered, plaintiffs and cross-complainant appeal. *Reversed.*

*David A. Meyers,* for appellants.
*R. M. Coleman,* for appellees.

NICHOLS, P. J.—By this action appellants sought to require appellee Stein, Jr., who was clerk of Marion Circuit Court, to permit appellants to redeem certain real estate from a sheriff's sale, and to contest the rights of appellees Clara A. Monroe and others to redeem the same.

The cause was submitted to the court for trial without the intervention of a jury. There was a request for special findings of fact, which were made, with conclusions of law in favor of the appellees. Upon the conclusions of law judgment was rendered in favor of the appellees against appellants James G. Kenney and Lucy W. Kramer upon their complaint, and in favor of appellee against appellant Samuel S. Rhodes, upon his cross-complaint. From this judgment this appeal is prosecuted.

The errors relied upon for reversal, and here considered, are: Errors of the court, respectively, in its first, second, third, fourth, fifth, sixth, seventh and eighth conclusions of law. Proper exceptions were saved to the court's conclusions of law.

Counsel for appellee has not favored us with a brief and we have no discussion of the law of this case from the appellee's standpoint.

The substance of so much of the special findings of fact as is necessary for this decision is as follows: On May 26, 1913, Jacob C. Lipps and wife were the owners of certain real estate in Marion county, Indiana, upon which they executed a mortgage to James G. Kenney to secure the payment of a note of $2,000. Said mortgage and note were assigned to one Lena Dunham on August 5, 1913, as collateral security for the payment of a note of $300 executed by said Kenney on said date. Said $300 note, and mortgage assigned as its collateral security, were on February 4, 1914, indorsed to one Jean Barnard. On February 18, 1915, said Jacob C. Lipps and wife conveyed said real estate to one Samuel E. Hamlin without any consideration therefor, and on May 4, 1915, said Hamlin executed to appellee Clara A. Monroe a mortgage on said real estate to secure the payment of a note of $1,500. On June 1, 1914, said Jean Barnard filed her complaint in the Marion Circuit Court making as defendants therein James G. Kenney, Jacob C. Lipps, and his wife, Alma K. Lipps, William S. Taylor and Lena Dunham, said action being to foreclose the said mortgage assigned as collateral security for the payment of said $300 note, and for the further purpose of collecting by attachment a claim held by one William S. Taylor against said Kenney. In this foreclosure proceeding there was a judgment in favor of said Barnard, and against the defendant Jacob C. Lipps, in the sum of $2,258 and costs, and the foreclosure of the equity of redemption of Kenney, Lipps and his wife, William S. Taylor and Lena Dunham,

and all other persons claiming from, under, or through them, in and to the said real estate, being the real estate described in the complaint and cross-complaint. It was ordered and adjudged by the court that the said real estate be sold by the sheriff as other land was sold on execution without relief from valuation and appraisement laws. It was further adjudged that the said Barnard was entitled to recover from said appellant Kenney the sum of $345 and costs, and that said Taylor was entitled to recover of said appellant Kenney $268.75 and his costs, and that said Taylor have a lien upon the proceeds of the sale of said real estate, and that the same be paid from the proceeds of such sale subject only to the lien of said Barnard. There was an order that the proceeds of such sale be applied: First, to the payment of costs on the complaint and cross-complaint; second, to the payment to the said Barnard of the said sum of $345 with interest and costs; third, to the payment to the cross-complainant, William S. Taylor, of the amount found due him, being $268.75; fourth, and the overplus, if any, after the amounts found due herein from said appellant Kenney to said Barnard and to said Taylor, to be paid to the clerk of the court for the use of said Kenney, or to the party lawfully entitled and authorized to receive the same. A certified copy of said decree was placed in the hands of the sheriff of said county, directing him to sell said real estate, and he did so sell it to Jean Barnard for the sum of $779.37, which amount was paid by said Barnard to the sheriff, and a certificate of sale in due form as required by law was issued by the sheriff to her. Said Barnard assigned and transferred said certificate for a valuable consideration to one James C. McDonald

and said William S. Taylor, and these assignees trans-
ferred and assigned said certificate for a valuable
consideration to appellee Samuel S. Rhodes, and
said Rhodes has ever since been the sole owner of
said certificate. At the end of the year for redemp-
tion from such sale said Rhodes presented said
sheriff's certificate of sale to the clerk of Marion
Circuit Court, and requested a certificate of no re-
demption, which the clerk refused to give him, and
thereupon said Rhodes presented said certificate of
sale to the sheriff of said county, requesting him to
execute a deed to said Rhodes, which the said sheriff
refused to do. Said James G. Kenney did not appear
in person or by attorney in the foreclosure pro-
ceedings in the Marion Circuit Court, and had no
actual notice of the pendency of said action, or the
rendition of said judgment and decree, until long
after the date of said sheriff's sale. Said Kenney
was a nonresident of the State of Indiana, and
was notified of the pendency of said action by pub-
lication of notice. On November 12, 1915, said Bar-
nard assigned and transferred to said Kenney the
unpaid balance of the judgment against Jacob C.
Lipps, rendered in the foreclosure proceedings in the
Marion Circuit Court, which assignment was duly
recorded. On November 6, 1915, said appellee Clara
A. Monroe presented and filed with the clerk of the
Marion Circuit Court an affidavit and statement in
redemption of said real estate from said sheriff's
sale, and paid to the clerk the amount of money re-
quired to effect the redemption, including .costs of
redemption, to wit, $844.22. On November 11, 1915,
the appellants tendered to the clerk of the Marion
Circuit Court an affidavit and statement for redemp-

tion of said real estate from sheriff's sale, and, on the same date, tendered in legal tender of currency the sum of $846.72 for the purpose of redeeming said real estate from said sheriff's sale, which sum was more than sufficient for that purpose; and on November 12, 1915, said parties again tendered said affidavit and statement for the redemption of said real estate to said clerk and again tendered to him the said sum of money. Said clerk refused to accept and file the affidavit and statement, and refused to accept said sum of money thus tendered on both of said dates. It appears by the affidavit that said appellants based their right to redeem said real estate upon the fact that said appellant Kenney had the said valid mortgage upon said real estate for $2,000, which he had pledged to said Dunham as collateral security for the payment of a note of $300 which said Kenney had executed, and that said note had been assigned to said Barnard, who, in the foreclosure suit, foreclosed said $2,000 mortgage as collateral security for the payment of said $300 note against said Kenney and others. Kenney was made a party defendant to said action by publication of notice, but he had no actual notice or knowledge of the pendency of said cause, until after decree was rendered on September 18, 1914. There was due at that date $2,158, not including attorney's fees of $100, and said Kenney was entitled to the full amount thereof, less costs and the claims held by the plaintiff and cross-complainant, William S. Taylor, and the balance due said Kenney under the terms of said decree was a lien upon all of said real estate subsequent and junior to the claims of appellee Monroe and said Taylor. The affidavit states that appellant Kramer was the real owner of

the balance due under said mortgage and decree, and that said Kenney desires to make this redemption for her use and benefit. The balance due upon said judgment was $1,378.63, with interest at six per cent. since September 18, 1914. It was found by the court that nothing in this proceeding should in any manner affect the rights of said defendant Rhodes, as the present holder of the sheriff's certificate.

On these findings of fact the court states its conclusions of law as follows: (1) That the law is with the defendants. (2) That the plaintiffs are not entitled to have any of the entries of the clerk of this court relating to the redemption of said real estate from said sheriff's sale by the defendant Monroe vacated. (3) The plaintiffs did not have and hold the first right to redeem said lots from said sheriff's sale under and by virtue of their judgment rendered September 18, 1914. (4) The plaintiffs were not entitled to any order compelling the defendant Theodore Stein, Jr., clerk of this court, to accept and file said affidavit of November 12, 1915, and to allow plaintiffs to redeem from said sheriff's sale. (5) The defendant Theodore Stein, Jr., as clerk of this court is not compelled to accept said sum of $846.72 tendered by the plaintiffs. (6) That the plaintiffs are entitled to take nothing by the complaint or the defendant Rhodes anything by his cross-complaint. Nos. 7 and 8 are conclusions as to costs.

We are not unmindful of the rule of law that a mortgagee, after he has once sold the land upon an execution or decree, cannot redeem from his own sale, in case it produces less than the whole amount of the judgment, thereby restoring the

lien of the judgment and subjecting the property to resale the same as if no previous sale had been made. *Green* v. *Doane* (1877), 57 Ind. 186; *Hervey* v. *Krost* (1888), 116 Ind. 268, 19 N. E. 125, and *Horn* v. *Indianapolis Nat. Bank* (1890), 125 Ind. 381, 25 N. E. 558, 9 L. R. A. 676, 21 Am. St. 231, sustain this principle of law. It is said, however, in the case of *Hervey* v. *Krost, supra,* that the courts favor and give a liberal construction to redemption laws in the interest of the debtor, and others who are concerned, that the debtor's property shall go toward the payment of his debts to the full extent of its value. It is evident that this has not been accomplished in the case at bar.

The cases above cited are to be distinguished from the instant case, in this, that it was evidently not the primary object in this action to foreclose the mortgage and collect the debt in favor of appellant Kenney, but to collect the debt in favor of said Jean Barnard, and the debt in favor of William S. Taylor. Appellant Kenney did not institute the foreclosure proceeding, had only constructive knowledge of it by publication of notice in a newspaper, and had no actual knowledge whatever of said suit, or of the foreclosure sale thereunder.

2.

By the judgment of the court the plaintiff in said foreclosure suit was given a lien on the proceeds of the sale of $345, and the cross-complainant, William S. Taylor, was given a lien against such proceeds in the sum of $268.75, which respective sums were to be paid out of the proceeds of such sale, and the overplus, if any, to be paid to appellant Kenney. The effect of this judgment was the same as if said appellant Kenney had been a judgment creditor with a separate lien, subject and second to the liens of said Barnard and said Taylor.

It is evident that such real estate sold only for the amount of the Barnard and Taylor debts, plus attorney's fees and costs, and that no consideration whatever was given to the protection of the rights of appellant Kenney; in other words, the primary purpose of this proceeding and sale was the collection of the debts of said Barnard and Taylor.

Under these facts we have no hesitation in saying that equity and good conscience require that appellant Kenney should have been permitted, under §§814, 815 Burns 1914, §§771, 772 R. S. 1881, and upon complying with the terms of such sections, to redeem said real estate from the sheriff's sale thereof, and upon tender of the sum of $846.72 to appellee Stein, Jr., clerk, the same should have been accepted in redemption, and a proper certificate thereof should have been issued by the clerk to said appellant Kenney.

Other questions are presented for our consideration, but we do not deem it necessary to discuss them.

The judgment is reversed, with instruction to the trial court to restate its conclusions of law in harmony with this opinion, and the costs of this appeal are taxed to the appellees.