[Civil No. 2155.    Filed December 23, 1924.]

[231 Pac. 618.]

## E. W. McCULLOUGH, Defendant and Appellant, v. WESTERN LAND AND CATTLE COMPANY, a Corporation, Plaintiff and Appellee.

1. COURTS—MANNER OF ACQUIRING JURISDICTION STATED.—Jurisdiction of subject matter is acquired by court having cognizance of cause by filing of complaint, of defendant's person by service of process, and of *res* by actual or constructive taking of possession.

2. ABATEMENT AND REVIVAL — ABATEMENT FOR NONSERVICE OF SUMMONS WITHIN STATUTORY PERIOD WAIVED BY UNEXCUSED FAILURE TO ANSWER.—Civil Code of 1913, paragraph 460, providing that action shall abate, if summons be not served within year from filing of complaint, is not self-executing, but merely creates cause of abatement, which may be waived, as by unexcused failure to answer, under paragraph 467; and is unlike paragraph 591, providing that motions for new trial or in arrest of judgment "shall be deemed denied," if not determined within twenty days.

3. ABATEMENT AND REVIVAL—PLEADING—"TO ABATE AN ACTION AT LAW" DEFINED—PLEADING MATTERS IN ABATEMENT, ARISING AFTER WRIT OR ISSUE JOINED, REQUIRES PLEA PUIS DARREIN CONTINUANCE.—To abate action at law, when Civil Code of 1913, paragraph 460, providing that "an action shall abate," if summons be not served within year from filing of complaint, was enacted,

———

1. See 7 R. C. L. 1038.

meant overthrow by action by pleading fact tending to impeach correctness of writ or declaration, which defeats action for present, but does not bar recommencement thereof in better way, and matters in abatement, arising after writ or issue joined, required plea of *puis darrein continuance*.

4. Statutes—Terms Construed in Common-law Sense Unless Contrary Intent Clearly Appears.—Terms of statute, using words having definite and well-known meaning at common law, will be construed in such sense, unless contrary intent clearly appears.

See (1) 15 C. J., pp. 797, 799, 801.  (2) 1 C. J., p. 268 (1926 Anno.).  (3) 1 C. J., p. 26; 31 Cyc., p. 493.  (4) 36 Cyc., p. 1118.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Affirmed.

Messrs. Armstrong, Lewis & Kramer, for Appellant.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

STRUCKMEYER, Superior Judge.—The appellee brought action against the appellant to recover the sum of $5,000 due upon a lease. The complaint was filed on February 5, 1921. On the same day an attachment writ was issued and levied upon certain real property. Also on the same day a summons was issued and delivered to the sheriff. The summons was not served, however, upon the appellant until August 21, 1922, not within one year from the filing of the complaint. The appellant failed to answer, and, his default having been entered on September 30, 1922, a personal judgment was rendered against him on October 4, 1922, and the attachment foreclosed. On December 7, 1922, the appellant appeared and moved to vacate the default and set aside the judgment, basing the motion solely upon the ground that the summons was not served within one year from

the filing of the complaint. The motion was later, on December 12, 1922, amended by adding thereto a verification of the appellant. The motion does not pretend to show a meritorious defense to the action, but was, as stated, based solely upon the nonservice of summons within one year from the filing of the complaint, and was "submitted to the court upon the files and records of the court in said cause." The appearance of the appellant was limited to the purpose of the motion. From the order denying the motion, this appeal is brought.

The appellant, for aught that appears to the contrary, by his willful neglect, having failed to answer, and the intrinsic merit of the judgment not having been attacked upon the motion to vacate, there is presented the single question for decision: Is the judgment void for want of jurisdiction?

Jurisdiction of the subject matter, of a cause cognizable in that court, is acquired by the court by the filing of the complaint; of the person of the defendant by the service of process; of the *res* by the actual or constructive taking possession thereof. The power to hear and determine, to render judgment, necessarily implies the existence of complete jurisdiction; jurisdiction of the subject matter and of the person, or of the *res*. *O'Brien* v. *People ex rel. Kellogg etc. Co.*, 216 Ill. 354, 108 Am. St. Rep. 219, 3 Ann. Cas. 966, 75 N. E. 108; *Schubach* v. *McDonald*, 179 Mo. 163, 101 Am. St. Rep. 452, 65 L. R. A. 136, 78 S. W. 1020; *Schroeder* v. *Merchants & Mechanics' Ins. Co.*, 104 Ill. 71; *Ex parte Cohen*, 6 Cal. 318. With the latter, namely with the attachment, as a proceeding *in rem,* we are not concerned since the same was but ancillary to the judgment *in personam.*

The jurisdiction of the court over the subject matter attached when the complaint was filed. The summons was duly issued, and its service upon the appellant

constituted due process.  Hence the court acquired the complete jurisdiction necessary to invest it with the power to hear and determine the cause, to render judgment.  This is self-evident, and the judgment is valid, unless there had been meanwhile since the writ issued a divestiture of the jurisdiction of the court over the subject matter.  Such divestiture is asserted by the appellant as arising from the application of paragraph 460, Revised Statutes of 1913 (Civ. Code).  This paragraph reads:

"An action shall abate if the summons be not issued and served, or the service thereof by publication commenced within one year from the filing of the complaint."

This section is not self-executing; it does not divest the jurisdiction once properly vested.  It is an adjective law, and is self-executing only if from its context and by its terms it plainly appears so.  The section was part of the act of the first legislature of its second special session, entitled:

"An act to prescribe the procedure in civil actions in the superior courts of the state of Arizona."

The act is now part 2 of the Code of Civil Procedure.

The particular paragraph stands in relation to the other paragraphs of the statute.  Matters in abatement may be interposed by answer.  Paragraph 467.  It has ever been deemed sound that matter in abatement of the writ or of the action was waived, if not seasonably interposed by plea.  The section, being part of the act regulating the procedure, merely creates a cause of abatement which the party favored by the statute may waive.  The unexcused failure to answer certainly is a waiver.

Counsel for the appellant quote Coke:

"Abate is both an English and a French word, and signifieth in its proper sense to diminish or take

away. In another sense it signifieth to prostrate, beat down, or overthrow''; but Coke, illustrating, also says, ''as to abate castles, houses, and the like, and to abate a writ.'' Coke upon Littleton, § 475.

Lord Coke would rather be astounded to find his definition quoted to the proposition that good ground in abatement, but not urged, denied jurisdiction in the court. The section is unlike paragraph 591, requiring motions for new trial, or in arrest of judgment to be determined within twenty days, ''and if not so determined shall be deemed denied.'' The former prescribes a rule for the guidance of the court, the latter itself speaks for the court.

''An action shall abate,'' is the language of the statute. When enacted, to abate an action at law had been uniformly defined as ''the overthrow of an action caused by the defendant pleading some matter of fact tending to impeach the correctness of the writ or declaration, which defeats the action for the present, but does not debar the plaintiff from recommencing it in a better way.'' Bouvier, 6th ed. Matters in abatement, arising subsequent to the writ or subsequent to issue joined, required the plea of *puis darrein continuance.* ''It is a familiar rule of construction that, when a statute uses words which have a definite and well-known meaning at common law, it will be presumed that the terms are used in the sense in which they were understood at common law, and they will be so construed unless it clearly appears that it was not so intended.'' 25 R. C. L. 994.

The appellant, having failed to present to the court the matters in abatement of the action, but having suffered judgment by default to be rendered against him, waived the right of abatement, and may not now attack the judgment as void for the want of juris-

diction, when in truth jurisdiction continued in the court.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.

N. B.—Judge LYMAN being disqualified, Honorable F. C. STRUCKMEYER, Judge of the Superior Court of Maricopa County, was called to sit in his stead.