[Civil No. 2274.    Filed May 22, 1925.]

[236 Pac. 725.]

WESTERN LAND AND CATTLE COMPANY, a Corporation, Appellant, v. THE NATIONAL BANK OF ARIZONA AT PHOENIX, a Corporation, Appellee.

1. MORTGAGES — CREDITOR HAVING FORECLOSED ATTACHMENT LIEN ON EQUITY OF REDEMPTION ENTITLED TO REDEEM. — Where creditor foreclosed attachment lien on equity of redemption and mortgage on land was subsequently foreclosed, creditor was entitled to redeem.

2. MORTGAGES—"RIGHT OF REDEMPTION" AND "EQUITY OF REDEMPTION," DISTINGUISHED.—"Equity of redemption" after breach of condition and before sale rests on principles of equity; whereas, the "right of redemption" after sale on foreclosure depends entirely on terms of the statute.

3. MORTGAGES—EQUITY OF REDEMPTION CANNOT BE EXTENDED BEYOND DATE OF FORECLOSURE SALE.—In view of Civil Code of 1913, paragraphs 1373–1383, inclusive, equity of redemption cannot be extended beyond date of foreclosure sale, as by decree barring such equity from and after delivery of deed, but *ipso facto* expires on day of sale, and parties are relegated to statutory right of redemption.

4. MORTGAGES—JUNIOR MORTGAGEE WHOSE LIEN IS FORECLOSED NOT ENTITLED TO REDEEM.—Where, in one judgment, first and second mortgages were foreclosed and single order of sale made with

---

2.   19 R. C. L. 501; 19 R. C. L. 638.

3.   See 19 R. C. L. 596.

4.   Right of junior mortgagee to redeem, see notes in 4 **Ann. Cas.** 848; 26 L. R. A. (N. S.) 439. See, also, 19 R. C. L. 642.

directions for order of application of proceeds, junior mortgagee *held* not entitled to redeem, being no longer a lien creditor within meaning of Civil Code of 1913, paragraph 1377.

See (1) 27 **Cyc.**, pp. 1809, 1810.   (2) 27 **Cyc.**, pp. 1799, 1800. (3) 27 **Cyc.**, p. 1800.   (4) 27 **Cyc.**, p. 1812.

APPEAL from a judgment of the Superior Court of the County of Maricopa.   M. T. Phelps, Judge. Judgment reversed and cause remanded.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellant.

Messrs. Armstrong, Lewis & Kramer, for Appellee.

LOCKWOOD, J.—On May 10th, 1918, E. W. McCulloch was the owner of the southeast quarter of section 6, township 1 north, range 1 east, G. and S. R. B. & M., subject to a first mortgage in favor of one C. M. Sturges for Eight Thousand Dollars ($8,000.00).   On that date he and his wife executed a second mortgage in favor of Western Land & Cattle Company, hereinafter called appellant, in the sum of Ten Thousand Dollars ($10,000.00), which, by its terms, was expressly made subject to the Sturges mortgage.   February 5th, 1921, the appellant brought suit against McCulloch for Five Thousand Dollars ($5,000.00) on a matter not connected with the mortgage, and attached his residuary interest in the land. On August 12th, 1921, McCulloch and wife gave a mortgage in the sum of Eighteen Thousand Dollars ($18,000.00) to the National Bank of Arizona, hereinafter called appellee, which was expressly made subject to both the above mortgages and the attachment lien.   A judgment was rendered against McCulloch on October 4th, 1922, foreclosing the attachment lien. After various proceedings in the trial court, the foreclosure of the lien came to this court on appeal, and in the case of *McCulloch* v. *Western Land & Cattle*

*Co.*, 27 Ariz. 154, 231 Pac. 618, we affirmed the judgment therein.

Sturges on November 20th, 1922, brought suit to foreclose his first mortgage, making all the junior lienholders parties. Appellant answered admitting the prior lien of the Sturges mortgage, but setting up by way of cross-complaint its own liens and asking for their foreclosure. The appellee filed no answer to the complaint of Sturges nor to the first cause of action of the cross-complaint, which referred to the appellant's mortgage, but did contest the second cause of action covering the attachment lien. On March 26, 1923, a decree was entered foreclosing the Sturges mortgage and declaring it to be a first lien on the property, foreclosing the appellant's mortgage and declaring it to be a second lien, and directing the property to be sold and the proceeds to be applied, first on the Sturges judgment and second on appellant's judgment, and the balance to be paid into court. The decree barred "all equity of redemption or claim of, in or to the said mortgaged premises and each and every part or parcel thereof from and after the delivery of said sheriff's deed." No finding was made in the court as to the attachment lien of the Western Land & Cattle Company or the mortgage of the National Bank of Arizona, the court reserving that for future determination on account of the appeal above referred to, then pending in the Supreme Court. An execution and order of sale was issued April 11th, 1923, at the instance of Sturges, and the property was sold May 11th; he being the purchaser for the amount of his judgment, interest, and costs. The order of sale recites the above judgment and directs the property to be sold without specifying upon which foreclosure the sale was made. Immediately after the sale a certificate was issued by the sheriff to Sturges, who transferred it for valuable consideration to the

Guardian Trust Company, which is a subsidiary of the appellee. The sheriff's return showed the Sturges judgment as satisfied, and the appellant's unsatisfied in any part, and the proper entry was made on the clerk's docket.

Appellant on November 10th, 1923, filed two notices of intention to redeem the property, one under its mortgage as next in right to the Sturges mortgage, and the other under its attachment lien as next in right to its own mortgage. Appellee filed a notice of intention to redeem as the holder of a mortgage lien next in rank to the Sturges judgment, claiming that appellant had no right of redemption at all under the law and the facts. All the notices and proceedings were regular in form. The appellant on November 14th paid the sheriff the proper amount for redemption under its first notice of intention, and filed with him a statement that it tendered this amount under both notices, waiving its right as holder of the second mortgage to be paid the amount due it if redemption was made under the attachment lien by itself as the holder thereof. On November 15th the appellee tendered the amount due if it had the right to redeem from the Sturges sale, but no more. The sheriff accepted the money of both parties and requested a determination by the court as to who was entitled to redeem.

Thereupon appellee filed this suit setting up the facts substantially as recited herein and asking that a writ of mandate be issued, directing the sheriff to accept its money and issue it a deed to the property; but in order to make assurance doubly sure, it paid to the clerk of the court the amount needed to redeem from both of appellant's alleged liens, expressing its desire and willingness to do so if the court should hold it could only redeem by making such payments. The sheriff answered stating his perfect willingness to make a deed in such manner and to such person as

the court directed. Appellant filed a demurrer and answer to appellee's complaint, and since there was but little dispute as to the facts and the evidence was documentary, the entire matter was submitted to the court at one time. The case was taken under advisement, and on December 20th, 1923, judgment was entered to the effect that the appellee had the first right to redeem from the sale by paying the amount of money for which the property was bid in, being in effect, of course, a finding that appellant had no right to redeem. The usual motion for new trial was made and overruled, and an appeal was taken to this court.

Since the decision handed down in *McCullough* v. *Western Land & Cattle Co.*, 27 Ariz. 154, 231 Pac. 618, it is admitted by appellee that this judgment must be reversed, as by virtue of that decision, holding the judgment in the attachment suit to be valid, appellant would certainly have a right to redeem thereunder and appellee's rights would be junior thereto. The sole question remaining for determination, then, is whether or not appellant also had the right to redeem under its mortgage. If it did, appellee, as a condition of redemption, must pay to appellant, in addition to the amount paid by it for redemption from the sale to Sturges, the total of both of its liens. If appellant has not the right to redeem under its mortgage, then appellee need only pay the amount of the Sturges judgment and the attachment lien.

The various assignments of error, since the question of the attachment lien is disposed of, are really based upon one proposition. Appellee contends that by taking a judgment of foreclosure of its second mortgage under the cross-complaint in the Sturges suit, appellant had no right to redeem from the sale thereunder, but must rely for recovery of its judgment on the amount of money realized by the sale in excess of that sufficient to pay the Sturges lien. Appellant claims that under our statutes its right to

redeem under the mortgage was not lost, so the whole matter must turn upon our interpretation of the Arizona statutes on the subject of redemption.

The right of redemption after sale on foreclosure is distinct from the equity of redemption after breach of condition and before the sale. The former commences only when the latter ends. One rests on the principles of equity, the other on the terms of the statute. Does the language of the decree foreclosing the equity of redemption "from and after the delivery of the sheriff's deed" continue that equity after the sale? Paragraph 1373, R. S. A. 1913, reads as follows:

"Upon sale of real property, the purchaser is substituted to and acquires all the right, title and interest and claim of the judgment debtor thereto, and when the estate is less than a leasehold of two years' unexpired time, the sale is absolute. In all other cases, including sales under order of court in foreclosure suits, the property is subject to redemption as provided in the following sections. . . . "

Considering this section and the general terms of paragraphs 1374 to 1383, R. S. A. 1913, inclusive, which govern the right of redemption, we are of the opinion that a court has no right to extend the equity of redemption beyond the day of sale, but on that date the equity *ipso facto* expires and the parties are relegated to the statutory right of redemption and that only, which, of course, cannot be modified by a judicial decree.

Now under paragraph 1377, *supra,* the right of redemption under foreclosure of a mortgage or other lien inures to "creditors having liens upon the premises sold or some part thereof subsequent to the mortgage or lien so foreclosed." If appellant came within this category, it had the right to redeem, but otherwise not. It is, of course, undisputed that when Sturges began his suit to foreclose appellant was

within the prescribed class. If it had lost that favored position when it applied for the right to redeem, said loss must have occurred in some manner between those two dates. Obviously it was still a "creditor," so the change, if any, must have been in its "lien upon the premises sold, subsequent to the mortgage or lien foreclosed," and this change could be made only, if at all, by virtue of the foreclosure and sale. Now it is plain that the foreclosure of the Sturges mortgage alone could not affect appellant's right of redemption. We must therefore examine the only remaining point, being the effect of appellant's foreclosure of its own mortgage. The sale was made under a judgment which foreclosed both the mortgage of Sturges and that of appellant, directing a sale of the property generally without stating under which foreclosure, and providing for the application of the proceeds of sale in a certain manner. The second mortgage was foreclosed in that judgment as directly and as certainly as the first, and the sale had exactly the same effect upon the second mortgage as it did upon the first. Such being the case, if we are to follow the plain and unambiguous language of the statute, the second mortgage was no longer "a lien . . . subsequent to the mortgage or lien foreclosed," any more than the first mortgage was, for both were actually foreclosed in the judgment upon which the sale was made.

Counsel for appellant, however, urge that a literal construction of the statutes would be harsh and oppressive, and cite many cases which they claim support their contention that on a state of facts similar to those in the case at bar the junior lienholder is entitled to redeem. We have read all these cases carefully and find none, with facts exactly similar, upholding their contention. Probably the nearest cases in point of fact are four from the state of Indiana, to wit: *Davis et al.* v. *Langsdale,* 41 Ind. 399; *Bowen* v.

*Van Gundy,* 133 Ind. 670, 33 N. E. 687; *Ft. Wayne Builders, etc.,* v. *Pfeiffer,* 60 Ind. App. 615, 111 N. E. 192; *Kenney* v. *Monroe,* 70 Ind. App. 379, 123 N. E. 427.

In none of these, however, was there also a foreclosure of a junior mortgage at the prayer of the junior mortgagee, with a single order of sale on the joint judgment, and the force of the appellant's argument on these cases is greatly weakened by the case of *Horn* v. *Indianapolis National Bank,* 125 Ind. 381, 21 Am. St. Rep. 231, 9 L. R. A. 676, 25 N. E. 558, where the facts were essentially like those of the present case, and it was held the junior lienholder whose lien had also been foreclosed in the judgment including the senior lien, when the property was sold at one sale for the benefit of all lienors, could not redeem. In all the later cases cited by appellant the principle of the Horn case was reaffirmed by the Supreme Court of Indiana and the other cases distinguished. We think the true rule is laid down by the Supreme Court of California, and which was followed in the Horn case, in a long line of decisions to the effect that where a number of liens are foreclosed in one suit and there is one judgment and an order of sale thereon directing the payment of the liens in a certain order, none of the holders of such liens are entitled to redeem, but if the junior liens are not foreclosed the right of redemption still exists. *Frink* v. *Murphy,* 21 Cal. 108, 81 Am. Dec. 149; *Black* v. *Gerichten,* 58 Cal. 56; *Camp* v. *Land,* 122 Cal. 167, 54 Pac. 839; *San Jose* v. *Lyndon,* 124 Cal. 518, 57 Pac. 481; *Lauriat* v. *Stratton* (C. C.), 11 Fed. 107.

It is true the exact language in our statute is not the same as in that of California, and the Oregon law is very different in its terms; but in all three statutes the same principle appears, to the effect that when a lien is foreclosed the right of redemption thereunder is lost. Nor is this rule so harsh and oppressive as

counsel seem to think. The junior lienholder may either ask for a foreclosure of his lien, in which case, since he has elected to look for the proceeds of the sale, he must at his peril see the property sells for its full value, or he may waive his foreclosure and rely on the provision of paragraph 4122, R. S. A. 1913, giving him the surplus, if any, of the proceeds of the sale, and his still available right of redemption.

Under the law and the facts, appellant is not entitled to redeem under its mortgage, but may redeem under its attachment lien, and appellee may thereafter redeem as provided by law.

The judgment is reversed, and the case remanded to the superior court of Maricopa county for proceedings not inconsistent with this opinion.

ROSS, J., concurs.

McALISTER, C. J., took no part in the determination of this case.