369 P.3d 259

The BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, fka The Bank of New York Trust Company, N.A., successor to JPMorgan Chase Bank NA, as Trustee for Ramp 2006, Plaintiff/Appellee,

v.

ARIZONA HOA ACCEPTANCE LLC, Defendant/Appellant.

No. 1 CA–CV 14–0836.

Court of Appeals of Arizona, Division 1.

March 17, 2016.

Law Offices of David L. Knapper By David L. Knapper, Phoenix, Co–Counsel for Defendant/Appellant.

Clark Hill PLC By Mark S. Sifferman, Scottsdale, Co–Counsel for Defendant/Appellant.

Wright, Finlay & Zak LLP By Kim R. Lepore, Jamin S. Neil, Scottsdale, Counsel for Plaintiff/Appellee.

Judge PATRICIA K. NORRIS delivered the opinion of the Court, in which Presiding Judge JON W. THOMPSON and Judge MAURICE PORTLEY joined.

## OPINION

NORRIS, Judge:

¶ 1 The issue in this appeal is whether Arizona's redemption statutes grant the holder of a homeowners' association assessment lien the right to redeem residential real property following the mortgage foreclosure sale of that property. We hold they do.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 In 2005, a borrower executed a promissory note secured by a deed of trust ("deed of trust lien") on residential real property in Maricopa County, Arizona. The real property was subject to a previously recorded Declaration of Covenants, Conditions and Restrictions. The Declaration created a homeowners association, Vista View Homeowners Association a/k/a Val Vista Views Homeowners Association ("Association"), required the owners of property subject to the Declaration to pay certain assessments "fixed" by the Association, and, as authorized by Arizona Revised Statutes ("A.R.S.") section 33–1807 (Supp. 2015),[1] de-

---

1. Although the Arizona Legislature amended this statute after the superior court entered its judgment in this matter, the revisions are immaterial to our resolution of this appeal. Thus, we cite the current version of the statute. Except for a minor modification to one section of the redemp-

clared the assessments to be "a continuing lien upon [each parcel of property] against which each such Assessment is made" ("assessment lien").

¶3 After the borrower defaulted on his obligations under the note and deed of trust, plaintiff/appellee, The Bank of New York Mellon Trust Company, National Association, sued the borrower for breach of contract and to foreclose the deed of trust lien and the borrower's interest in the property. The Bank also sued the Association and alleged that any interest it claimed in the property was subordinate and inferior to the deed of trust lien. Subsequently, the Association stipulated that any lien it held on the property was junior to the Bank's deed of trust lien.

¶4 The Bank obtained a default judgment against the borrower in the principal sum of $199,642.52. The judgment foreclosed the borrower's interest in the property, foreclosed the Bank's deed of trust lien, declared the Bank's deed of trust lien valid and superior to all other liens, and directed the Maricopa County Sheriff to sell the property pursuant to a writ of special execution ("Sheriff's Sale"). The judgment also authorized the Bank to purchase the property at the Sheriff's Sale by applying "all of [sic] any portion of the indebtedness evidenced" by the judgment towards the purchase price ("credit bid").

¶5 The Bank purchased the property at the Sheriff's Sale for a $22,000 credit bid. Approximately one month later, the Association assigned all rights it had to enforce a $2,000 assessment lien it held on the property to defendant/ appellant Arizona HOA Acceptance, LLC ("Arizona HOA"). Simultaneously, Arizona HOA recorded a "Notice of Intent to Redeem." The notice stated, *inter alia*, that Arizona HOA intended to redeem the property by paying the amount of the credit bid, $22,000, plus any additional amounts required to effectuate the redemption as required by statute. *See generally*

tion statutes in 2010, *see* A.R.S. § 12–1286 (Supp.2015), the Legislature has not amended any of the state redemption statutes since 1963. Thus, unless otherwise stated, we cite the current version of these statutes in this opinion.

A.R.S. § 12–1284 (2003) ("subsequent lienholder" who wishes to redeem shall "file" with county recorder notice stating he intends to redeem).

¶6 The Bank moved to stay Arizona HOA's attempted redemption and requested the superior court to order the Sheriff to issue a deed to the property to it. As relevant here, the Bank argued the assessment lien did not entitle Arizona HOA to redeem because A.R.S. § 12–1281(2) (2003) restricts redemption rights to a limited class of creditors, specifically only those "having a lien by judgment or mortgage on the property sold ... subsequent to that on which the property was sold." [2] Arizona HOA argued, however, that a different statute, A.R.S. § 12–1283 (2003), entitled it to redeem. Subsection A of that statute establishes redemption periods in "sales upon foreclosure of mortgages or other liens," and subsection B states that "[i]f no redemption is made by the mortgagor or his successor in interest, creditors having liens upon the premises sold or any part thereof subsequent to the lien so foreclosed may redeem within the times and in the order and manner specified in [A.R.S.] § 12–1282." [3] The superior court rejected Arizona HOA's argument and agreed with the Bank that Arizona HOA was not a "junior judgment creditor lien holder" entitled to a statutory right of redemption. Accordingly, it granted the Bank the relief it had requested in its motion.

## DISCUSSION

¶7 As it did in the superior court, Arizona HOA argues A.R.S. § 12–1283(B) identifies who may redeem property from a mortgage foreclosure sale—"creditors having liens" on the property sold "subsequent to the lien so foreclosed"—and asserts that because the statute does not restrict "creditors" and "liens" in any way, its assessment lien entitled it to redeem the property. Based on a decision by the Arizona Supreme Court that

**2.** Section 12–1281 also authorizes the "judgment debtor or his successor in interest in the whole or any part of the property" to redeem.

**3.** Section 12–1282 (2003) specifies timing requirements for redemption.

allowed a creditor holding a non-judgment lien to redeem under the predecessor version of A.R.S. § 12–1283(B) and the evolution of Arizona's redemption statutes, we agree with Arizona HOA.[4]

¶ 8 In *Western Land & Cattle Co. v. Nat'l Bank of Ariz. at Phx.*, 28 Ariz. 270, 236 P. 725, *reh'g denied*, 29 Ariz. 51, 239 P. 299 (1925), the supreme court recognized that a creditor holding an attachment lien could redeem property from a mortgage foreclosure sale under § 1377 of the 1913 Arizona Civil Code ("1913 Code"), which, with a few minor changes over the years, is now A.R.S. § 12–1283. Section 1377 stated:

> In case of sale upon foreclosure of mortgage or other lien like periods of redemption shall be allowed. If no redemption shall be made by the mortgagor or owner of the property subject to the lien[,] his personal representatives or assigns, creditors having liens upon the premises sold or some part thereof subsequent to the mortgage or lien so foreclosed, may redeem within the times, and in the order specified in the preceding section.

¶ 9 In *Western Land & Cattle*, the owner of real property executed a first mortgage on the property in favor of one creditor ("first creditor"), and a second mortgage on the property in favor of a different creditor ("second creditor"). 28 Ariz. at 271, 236 P. at 725. The second creditor subsequently sued the property owner on an unrelated matter and attached the owner's "residuary interest" in the property, thereby obtaining an attachment lien on the property ("attachment case"). *Id.* A few months later, the owner executed a third mortgage to another creditor ("third creditor") that was subject to both the first and second mortgages and the attachment lien. *Id.* More than a year later, the second creditor obtained a judgment against the owner in the attachment case. *Id.* The owner appealed the judgment, 28 Ariz. at 271, 236 P. at 725, and the Arizona Supreme Court eventually affirmed it. *McCulloch v. Western Land & Cattle Co.*, 27 Ariz. 154, 231 P. 618 (1924).

¶ 10 While the owner's appeal in the attachment case was pending, the first creditor sued to foreclose the first mortgage, and joined the second and third creditors as parties. 28 Ariz. at 272, 236 P. at 725. The second creditor acknowledged the priority of the first mortgage, and "set up" by cross-complaint its second mortgage and its attachment lien. *Id.* The third creditor did not challenge the first mortgage or the second mortgage, but did contest the attachment lien. *Id.* The superior court entered judgment in favor of the first and second creditors, foreclosed the first and second mortgages, declared them to be, respectively, first and second liens on the property, and ordered the property sold with the sale proceeds applied, first, to the judgment in favor of the first creditor, and second, to the judgment in favor of the second creditor. *Id.* at 272, 236 P. at 725–26. Because of the owner's then pending appeal in the attachment case, the court did not make any findings addressing the second creditor's attachment lien or the third creditor's mortgage—a point we return to below. *See infra* ¶ 13. The Sheriff sold the property, but the sale proceeds satisfied only the judgment in favor of the first creditor. *Id.* at 273, 236 P. at 726.

¶ 11 Subsequently, the second creditor filed notices of intent to redeem the property, one pursuant to its second mortgage "as next in right" to the first mortgage, and one pursuant to its attachment lien "as next in right" to the second mortgage. *Id.* The third creditor also filed a notice of intent to redeem, and essentially argued the second creditor had no right to redeem under either the second mortgage or the attachment lien. *Id.* The superior court ruled in favor of the third creditor, and the second creditor appealed. *Id.* at 273–74, 236 P. at 726.

¶ 12 The supreme court analyzed the parties' competing redemption claims under 1913 Code § 1377, explaining "the right of redemption under foreclosure of a mortgage or other lien inures to 'creditors having liens upon the premises sold or some part thereof subsequent to the mortgage or lien so foreclosed.'" *Id.* at 275, 236 P. at 727. The court

---

4. The issue presented here is one of law. Thus, our review is de novo. *Ariz. Citizens Clean Elec-* *tions Comm'n v. Brain*, 234 Ariz. 322, 325, ¶ 11, 322 P.3d 139, 142 (2014).

held the second mortgage no longer existed as a lien on the property because the second creditor had obtained a judgment foreclosing the second mortgage, and the property had been sold. *Id.* at 276, 236 P. at 727. Therefore, under § 1377, the second creditor could not redeem pursuant to the second mortgage. *Id.*

¶ 13 But, and this is the important part of the decision for purposes of this appeal, the supreme court nevertheless recognized the second creditor still held a lien—the attachment lien—and was entitled to redeem the property under that lien. *Id.* at 278, 236 P. at 727. Indeed, the third creditor agreed the second creditor held an attachment lien, as by then the supreme court had affirmed the judgment in the attachment case, thereby upholding the validity of the attachment lien. *Id.* at 274, 236 P. at 726. The supreme court explained: "[B]y virtue of that decision, holding the judgment in the attachment suit to be valid, [the second creditor] would certainly have a right to redeem thereunder and [the third creditor's] rights would be junior thereto." *Id.*

¶ 14 The supreme court in *Western Land & Cattle* did not explicitly discuss principles of statutory construction. Nonetheless, its recognition that the second creditor, as the holder of the attachment lien, could redeem under the virtually identical version of what is now A.R.S. § 12–1283, is consistent with the most fundamental rule of statutory construction: in interpreting a statute, a court must look first to the statute's language to ascertain what it means. *Lincoln v. Holt*, 215 Ariz. 21, 24, ¶ 7, 156 P.3d 438, 441 (App.2007). The supreme court applied this fundamental rule of construction in *Western Land & Cattle* when it recognized that a creditor holding an attachment lien could redeem under the statutory language. Then, as now, a creditor is a person "who has a right to require the fulfillment of an obligation or contract" or a person "to whom any obligation is due." *Compare* Bouvier's Law Dictionary 726 (8th ed. 1914), *with Creditor*, Black's Law Dictionary (10th ed. 2014) (creditor is person "to whom a debt is owed; one who gives credit for money or goods"). And, then as now, a lien is a "hold or claim which one person has upon the property of another as a security for some debt or charge." *Compare* Bouvier's Law Dictionary 1978 (8th ed. 1914), *with Matlow v. Matlow*, 89 Ariz. 293, 297–98, 361 P.2d 648, 651 (1961) ("The term 'lien', as generally used, is a charge or encumbrance upon property to secure the payment or performance of a debt, duty, or other obligation") (citation omitted); *Lien*, Black's Law Dictionary (10th ed. 2014) (lien is "[a] legal right or interest that a creditor has in another's property, lasting [usually] until a debt or duty that it secures is satisfied"). Consistent with the plain meaning of these terms, the supreme court in *Western Land & Cattle* recognized that the second creditor was a creditor under the predecessor to A.R.S. § 12–1283. And, consistent with the plain meaning of these terms, the supreme court recognized the second creditor's attachment lien was a lien under the predecessor to A.R.S. § 12–1283. Applying this same logic here, Arizona HOA is a creditor and holds a lien under A.R.S. § 12–1283 and was entitled to redeem the property.

¶ 15 The Bank nevertheless argues *Western Land & Cattle* is distinguishable because there the second creditor had also obtained a judgment affirming its attachment lien, 28 Ariz. at 271, 236 P. at 725 (citing *McCulloch v. Western Land & Cattle Co.*, 27 Ariz. 154, 231 P. 618 (1924)), and thus the second creditor was actually a creditor "having a lien by judgment." Although the second creditor had obtained a judgment upholding its attachment lien, it was the attachment lien, not the judgment upholding the lien, that made the second creditor a "creditor[ ] having [a] lien[ ] upon the premises" as the 1913 Code § 1377 required. Further, the Bank's argument ignores that under the 1913 Code, an attachment lien was "create[d]" when the writ of attachment was executed, that is, levied on the defendant's property, and continued until quashed or otherwise vacated. *See* 1913 Code § 1421; *Wartman v. Pecka*, 8 Ariz. 8, 11–12, 68 P. 534, 535 (1902) (construing provision in Rev. Stats. Ariz. § 67 (1887) identical to 1913 Code § 1421; holding execution of writ of attachment upon defendant's property creates lien from the date of such execution and is not extinguished by defen-

dant's death).[5] And finally, that is why, as the supreme court explained in *Western Land & Cattle*, the third mortgage—which the owner executed after the second creditor had obtained the attachment lien on the owner's property—was junior to the attachment lien. 28 Ariz. at 278, 236 P. at 727.[6]

¶ 16 We recognize Arizona's redemption statutes do not use consistent terminology in identifying the types of creditors who may redeem, as the competing arguments of the Bank and Arizona HOA demonstrate. *See* A.R.S. § 12–1282(C) ("senior creditor having a lien, legal or equitable, upon the premises sold, or any part thereof, subsequent to the judgment under which the sale was made, may redeem within" certain specified periods); A.R.S. § 12–1284 ("subsequent lienholder"); A.R.S. § 12–1285(B) (2003) ("subsequent redemptioner"); A.R.S. § 12–1287(A) (2003) ("redeeming creditor"); A.R.S. § 12–1288(A) (2003) ("creditor"). These different formulations have been part of our redemption statutes from their inception. *Compare* § 2576 of the 1901 Territorial Civil Code ("1901 Code") (property may be redeemed by "creditor having a lien by judgment or mortgage on the property sold"); § 2577 (if judgment debtor fails to redeem, "all persons owning liens on the property may redeem" with the exception of owner of a mechanic's lien), *with* 1913 Code § 1374 ("creditor having a lien by judgment or mortgage on the property sold"); § 1376 ("senior creditor having a lien, legal or equitable upon the premises sold, or some part thereof, subsequent to the judgment under which the sale was made"); and, as discussed, § 1377. And, the Legislature retained these different formulations in subsequent codifications of our state statutes. *See* 1928 Rev.Code Ariz. §§ 4227 through 4235; 1939 Ariz.Code §§ 24–301 through 24–309.

¶ 17 Even if *Western Land & Cattle* did not resolve the issue presented here, applying well established rules of statutory construction, we would still conclude Arizona HOA's assessment lien entitled it to redeem the property under A.R.S. § 12–1283. Both A.R.S. § 12–1281 and A.R.S. § 12–1283 relate to the same subject—redemption—but while A.R.S. § 12–1281 deals generally with redemption, A.R.S. § 12–1283 deals with redemption following foreclosure of a mortgage or lien. It is, thus, a more specific statute than A.R.S. § 12–1281, as the history of both statutes reflect.

¶ 18 Before 1901, Arizona's territorial statutes did not allow redemption. That changed with the adoption of the 1901 Code. What is now A.R.S. § 12–1281 began as § 2576 in the 1901 Code. The redemption statutes contained in the 1901 Code applied to all execution sales including sales under "order of court in foreclosure suits" unless the property sold at the sale was "less than a leasehold of two years' unexpired time." 1901 Code § 2575. Although the mortgage foreclosure statutes contained in the 1901 Code authorized redemption following judicial foreclosure of a mortgage, *see* § 3275 (when mortgage foreclosed, court shall render judgment for the entire amount found to be due, direct mortgaged property to be sold to satisfy the same; sale under execution "shall be subject to redemption as in cases of sale under execution"), that authorization contained little specificity and the redemption statutes did not make any specific references to redemption following a mortgage foreclosure sale. In 1913, Arizona's First Legislature enacted a provision that required all mortgages to be foreclosed judicially. *See* 1913 Code § 4113. The foreclosure statutes

---

**5.** Under current Arizona law an attachment lien begins when the writ of attachment is levied on the defendant's property. A.R.S. § 12–1532(A) (2003).

**6.** At oral argument in this court, the Bank, through counsel, suggested the supreme court's discussion of the attachment lien and the right of the second creditor to redeem the property based on that lien was "dicta." *See generally Alejandro v. Harrison*, 223 Ariz. 21, 25, ¶ 12, 219 P.3d 231, 235 (App.2009) (*"Obitur dictum"* is statement of general law made by a court that is not necessary to its decision, and thus, not precedential, but merely "persuasive"). We disagree. The dispute between the parties in *Western Land & Cattle* centered on their competing claims to redeem the property and the priority of their redemption rights. Thus, the supreme court's conclusion that the second creditor possessed a statutory right to redeem superior to the redemption rights of the third creditor was necessary to the decision.

contained in the 1913 Code also authorized redemption following foreclosure, but that authorization simply tracked the general language used in the 1901 Code. *See id.* § 4116. The First Legislature, however, also adopted § 1377, which dealt directly and specifically with redemption following the sale of property "upon foreclosure of mortgage or other lien," and in that context, the Legislature not only identified who could redeem, but also the order and timing of redemption if multiple parties were entitled to redeem following the foreclosure of a mortgage or other lien.

¶ 19 Given this history, we agree with Arizona HOA that A.R.S. § 12–1283(B) governs redemption following the judicial foreclosure of a mortgage or other lien. *See generally Fidelity Nat. Fin. Inc. v. Friedman,* 225 Ariz. 307, 310, ¶ 15, 238 P.3d 118, 121 (2010) (legislative intent can be discovered by examining development of a particular statute); *Webb v. Dixon,* 104 Ariz. 473, 475, 455 P.2d 447, 449 (1969) (when two statutes are applicable to same subject, one general in scope and the other more limited, more specific statute controls). Accordingly, because A.R.S. § 12–1283(B) authorizes "creditors having liens upon the premises sold ... subsequent to the lien so foreclosed" to redeem, Arizona HOA was entitled to redeem the property.[7]

### CONCLUSION

¶ 20 We vacate the superior court's order in favor of the Bank and remand this matter to the court and instruct it to enter an order directing the Sheriff to issue Arizona HOA a Sheriff's Deed to the property upon payment of the redemption amount. As the prevailing party on appeal, we also award Arizona HOA its taxable costs on appeal, contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21.

---

7. The only issue decided in this opinion is whether Arizona HOA was entitled to redeem the property under A.R.S. § 12–1283(B). We need not decide, as Arizona HOA also argues, whether A.R.S. § 12–1281 only applies to sales of property following execution of judgments.