[Civ. No. 13942. Second Dist., Div. Two. Mar. 5, 1943.]

CHARLES ELWOOD TRIPLETT, Petitioner, v. THE SUPERIOR COURT OF SANTA BARBARA COUNTY et al., Respondents.

Fred A. Shaeffer for Petitioner.

Griffith & Thornburgh for Respondents.

WOOD (W. J.), J.—The will of Susan K. Triplett was filed for probate and the hearing on the petition for letters testamentary of Marion A. Smith and Ida Iliff, who had been named executors in the will, was set for hearing by respondent court for October 9, 1942, at 10 o'clock a. m. Before the time set for the hearing Charles Elwood Triplett, a grandson of decedent, filed a contest to the petition and the matter was continued to November 14, 1942, for further hearing. Charles Elwood Triplett on October 9, 1942, filed a petition asking that he be appointed special administrator of the estate and on the same day the court filed a written order granting the petition, the order being worded as follows: "It appearing that Charles Elwood Triplett on the 9th day of October, 1942, filed with this court his verified petition for the appointment of himself as special administrator of the estate of Susan K. Triplett, deceased, and the court having heard the evidence in support of the application and being satisfied that the circumstances of the estate require the immediate appointment of a personal representative, it is hereby ordered that said Charles Elwood Triplett be, and he is hereby appointed special administrator of the estate of Susan K. Triplett, deceased, with the same powers, duties and obligations as a general administrator. It is further ordered that special letters of administration issue to said Charles Elwood Triplett upon his giving a bond as such special administrator in the sum of ten thousand dollars ($10,000.00) and upon his taking the

oath as required by law. Done in open court this 9th day of October, 1942. Ernest D. Wagner, Judge of the superior court.'' Petitioner filed his oath as special administrator and a bond in the sum of $10,000.

Without notice to Charles Elwood Triplett and without the filing of a petition for his removal the court on October 14, 1942, signed and filed an order purporting to vacate the appointment theretofore made of the special administrator, the order reading as follows: ''Good cause appearing therefor, it is ordered that the order heretofore made herein on the 9th day of October 1, 1942, appointing Charles Elwood Triplett as special administrator in the above entitled estate, be and the same is hereby vacated and set aside, upon the ground that said order was made and entered through inadvertence and mistake.'' On October 15, 1942, the court made an ex parte order in writing appointing Marion A. Smith and Ida Iliff special administrators of the Triplett estate.

Charles Elwood Triplett filed in this court on October 30, 1942, a petition for a writ of certiorari for the purpose of annulling the order made on October 14, vacating his appointment as special administrator, and the petition was served upon the judge of respondent court on October 28, 1942. This court on November 16, 1942, issued its writ commanding respondent court to certify a complete transcript of the records and proceedings in the matter of the Triplett estate. In response thereto respondents have filed herein a transcript which shows, in addition to the matters above set forth, that respondent court on November 14, 1942, made an order ''nunc pro tunc as of the 14th day of October, 1942,'' vacating the order made on October 9, 1942, whereby petitioner was appointed special administrator, and setting forth the reasons for the making of the *nunc pro tunc* order. It is set forth therein that numerous matters were set for hearing on the calendar on October 9, 1942; that at the close of the morning session the clerk of the court handed to the judge twelve orders to be signed; that the attorney for Charles Elwood Triplett had previously handed to Ira Altschul, clerk of the court, without consulting either the clerk or the judge of the court, an order appointing a special administrator; that at no time did the attorney consult with, discuss or in any manner take up with the court or the judge thereof the question of appointing a special administrator in the matter. The order further sets forth that Charles Elwood Triplett had been left

the sum of $1 only in the will, that under the provisions of the Probate Code preference must ordinarily be given to the person entitled to letters testamentary or administration; and that in signing the orders for matters duly and regularly heard for that day the court "inadvertently and by mistake" signed the order appointing a special administrator for the Triplett estate; and that had the court been advised in the premises the order would not have been signed.

It further appears from the transcript filed by respondents that on December 4, 1942, petitioner filed with the clerk of respondent court an affidavit in which he stated: "That your affiant was in court on October 9, 1942, and was in the said courtroom from 10 o'clock a. m. until 12 o'clock m. That at approximately 12 o'clock m., and as soon as the other cases had been disposed of, Mr. Shaeffer asked the court if he would hear the petition for special letters of administration in the Triplett estate. Ernest D. Wagner, judge of said court, thereupon stated from the bench that he would hear said matter and at the time there were in the court the judge, the clerk, Mr. Shaeffer and myself. Mr. Shaeffer motioned for me to come forward, I came forward and was sworn and in substance testified that Susan K. Triplett died on or about the 16th day of September, 1942, and at the time of her death and for a long time prior thereto she was a resident of the county of Santa Barbara, State of California, and owned property in Santa Barbara County valued in excess of fifty thousand dollars ($50,000.00); that I am her grandson; that she did not leave surviving her any father, mother, husband, or any children; that the estate consists of houses that are being rented and it was necessary to have someone with authority collect the rents and take care of the houses; that in addition to the houses the estate consists of a ranch which is being rented for oil. That there has been a contest filed to the petition for probate of will. That thereupon Mr. Shaeffer stated that he would prepare a bond and the court said that the bond should be ten thousand dollars ($10,000.00). That the whole proceedings in said court did not take over two or three minutes." The transcript also contains what appears to be an affidavit by the clerk of respondent court, which contains statements similar to the statements made in the affidavit of petitioner, but in the petition for a rehearing our attention has been called to the fact that the clerk did not sign this affidavit.

This matter was submitted for our decision upon the filing of the closing brief on December 31, 1942, and decision was rendered on January 27, 1943. In their petition for a rehearing counsel for respondents assert that it was proper for this court to consider the *nunc pro tunc* order made after the petition for the writ had been filed in this court but they insist that it was not proper for this court to take into consideration the affidavit filed by petitioner on December 4, 1942. At the same time they take an inconsistent position by attaching to their petition for rehearing an affidavit by the clerk of respondent court, sworn to on February 6, 1943, so that, as they claim "this court may have the true picture." In this affidavit the clerk states that Charles Elwood Triplett was not sworn as a witness in connection with the Triplett estate on October 9, 1942. To his reply to the petition for a rehearing petitioner has attached an affidavit by his attorney, Fred A. Shaeffer, in which Mr. Shaeffer corroborates the statements in the affidavit of Mr. Triplett concerning his testimony on October 9, 1942.

The question of the propriety of considering the affidavit filed by petitioner on December 4, 1942, has been raised for the first time in the petition for a rehearing. It was not mentioned at the time set for the oral argument and was not discussed in the briefs on file. In giving consideration to the affidavit filed on December 4, 1942, we followed the sound ruling in *Wilde* v. *Superior Court,* 53 Cal.App.2d 168 [127 P.2d 560]. In that case the District Court of Appeal had issued a writ to review a judgment holding the petitioner guilty of contempt of court. The respondent had made a return and at the hearing the court issuing the writ permitted the petitioner to be sworn as a witness and to give testimony. In passing upon the objections of the respondents to this procedure the court exhaustively reviewed the decisions on the subject and held that it could "receive and consider the evidence of petitioner given before this court, not to impeach the record made in the court below but to supplement and explain it and to develop the true facts upon which must rest the question of the jurisdiction of the superior court to punish petitioner for contempt." The question now before us for determination is whether respondent court exceeded its jurisdiction in vacating the order which had previously been made appointing the present administrator. The affidavit filed by petitioner does not impeach the record made in respondent

court. It is proper for this court to consider the affidavit for the purpose of developing the true facts upon which the action of respondent court was founded. (See *Los Angeles* v. *Young,* 118 Cal. 295, 298 [50 P. 534, 62 Am.St.Rep. 234].) The two affidavits attached respectively to the petition for a rehearing and the reply thereto are not part of the proceedings submitted by respondent court. They were not presented in any manner prior to our original decision herein and will not be given further consideration.

 The uncontradicted evidence in the present proceeding shows that on October 9, 1942, the court considered the application for the appointment of a special administrator, received sworn testimony thereon, and thereafter made an order granting the petition, appointing the special administrator and fixing his bond. The court in its order specifically stated that it had "heard the evidence in support of the application" and was satisfied that the circumstances of the estate required the appointment. The order constituted a formal record representing the performance of a judicial act and the exercise of judicial discretion. The recital in the order made on October 14, 1942, that the order of October 9, 1942, had been entered "through inadvertence and mistake" is not conclusive of the nature of the error (*Estate of Burnett,* 11 Cal.2d 259 [79 P.2d 89].) Nothing appears in the narrative of facts in the *nunc pro tunc* order made on November 14, 1942, which is in substantial conflict with the statements made in the affidavit presented by petitioner, notwithstanding the statement is made in the order that the attorney for petitioner did not "consult with, discuss nor in any manner take up with the said court nor the judge thereof the question of appointing a special administrator in said matter." Petitioner does not claim that he consulted the court or discussed with the court the matter of the appointment. The statement that the attorney did not "in any manner take up" with the court the matter of the appointment is too indefinite to amount to a contradiction of the positive statements made in the affidavit filed by petitioner. If error was made by the court on October 9, 1942, it was inherently judicial rather than clerical or inadvertent and the court had no power thereafter to set it aside by an ex parte order.

For the foregoing reasons the order made on October 14, 1942, and the *nunc pro tunc* order made on November 14,

1942, are annulled. The order made on October 15, 1942, appointing Marion A. Smith and Ida Iliff special administrators is annulled. Petitioner shall recover his costs incurred by this proceding which shall be chargeable against the estate of Susan K. Triplett.

Moore, P. J., concurred.

McComb, J., concurred in the judgment.

Respondents' petition for a hearing by the Supreme Court was denied May 3, 1943. Curtis, J., and Carter, J., voted for a hearing.