346 P.2d 152

**Robert DALLAS, Petitioner,**

v.

**ARIZONA CORPORATION COMMISSION and George F. Senner, Jr., E. T. "Eddie" Williams, Jr., and A. P. Buzard, as members of and constituting said Commission, Respondents.**

**No. 6829.**

Supreme Court of Arizona.

Nov. 12, 1959.

Emmett R. Feighner and Evans, Kitchel & Jenckes, by Earl H. Carroll, Phoenix, for petitioner.

Wade Church, Atty. Gen., and William S. Andrews, Asst. Atty. Gen., for respondents.

JOHNSON, Justice.

Petitioner, Robert Dallas, a Hopi Indian, instituted this original proceeding in certiorari against respondent Arizona Corporation Commission and the individual members thereof, for the purpose of testing the legality of an order of the Commission purportedly canceling the petitioner's certificate as a common motor carrier. We thereafter issued an Order for Writ of Certiorari directing the Commission to desist from taking any action predicated upon the challenged order and that it certify to this Court all records in connection with Decision No. 30420.

■ Petitioner has filed an opening brief, which has not been answered by the Commission. It will be assumed, therefore, that petitioner's statement of the facts is undisputed, and that its evidentiary allegations are admitted. The Commission is defending solely on a motion to quash and dismiss the writ, to which petitioner has responded.

■ The first matter for disposition is the above motion. It is asserted that certiorari is not available as a remedy to petitioner because A.R.S. § 40–254 allegedly provides a plain, speedy and adequate remedy at law in the form of an action in the superior court to set aside the Commission's order. The Commission further advises that even if the remedy of certiorari ordinarily be available, petitioner has waived it in this case by having invoked the jurisdiction of the superior court in addition to the prosecution of the present cause. Suffice it to say, these contentions are foreclosed by our decision in Whitfield Transportation, Inc. v. Brooks, 81 Ariz. 136, 302 P.2d 526. The Commission additionally has urged other grounds in support of its motion which go so far afield from the matter before us that further reference is unnecessary.

It appears from the record before us that the petitioner was operating as a common motor carrier in this state under a certificate of convenience and necessity issued in 1948, when on May 14, 1957, he was named as one of 40 common motor carriers against whom the Commission issued an order to show cause why their certificates should not be cancelled for failure to have Arizona Corporation Commission license plates or required certificates of insurance. An appearance date for the named carriers was scheduled on May 24, 1957. The order to show cause was sent by certified mail to the post office box of petitioner in Tuba City, Arizona, and while the docket of the Commission revealed that the petitioner had been represented by an attorney, no notice was served upon him. Petitioner, because of illness, was unable to go

to the post office until July 16, 1957, at which time the post office certified petitioner's receipt of the order. On July 17, 1957, the Commission entered its Decision No. 30420, based upon the order to show cause and an alleged hearing held May 24, 1957, canceling the certificate of petitioner upon the grounds specified in the order to show cause.

Thereafter petitioner with his attorney went to the office of the Commission where it was found the insurance certificate of petitioner had been on file with the Commission at the time of the issuance of the order to show cause. It further appears that petitioner was advised by a commissioner (William T. Brooks) that a mistake had been made and that the petitioner should "go ahead", presumably with carrier operations. Petitioner acquired the necessary Commission license plates and continued to operate. In September, 1957, the Commission reviewed its previous decision canceling the certificate of petitioner, and entered a new order finding that petitioner did not receive the order to show cause prior to May 24, 1957, and formally vacated and set aside its Decision No. 30420.

Petitioner continued to operate until June, 1958, when he filed an application with the Commission to transfer his certificate to Timberline Express, Inc. At the hearing of the application for transfer competing carriers protested the proposed transfer, as a consequence of which subsequent hearings were held by the Commission, wherein the question of the validity of petitioner's certificate was raised. In an executive session of December 26, 1958, the Commission ruled that the certificate of petitioner had not been lawfully cancelled by the July 17, 1957, order. This ruling, however, was followed on February 18, 1959, after a change in the membership of the Commission, with an order by the majority finding that the certificate of petitioner had been cancelled by the previous order of July 17, 1957, with the Chairman George F. Senner, Jr., dissenting. The petitioner then sought the writ which forms the basis of the instant matter.

The order of the Commission dated February 18, 1959, denied the request of the petitioner to transfer his certificate to Timberline Express, Inc., on the grounds that the certificate of petitioner had been cancelled by Decision No. 30420 and that the proposed transferee was not a fit and proper person to operate under a certificate issued by the Commission. This decision is being challenged in the Superior Court of Maricopa County by an action taken under A.R.S. § 40–254.

The sole question before this Court is whether the Commission in rendering Decision No. 30420 of July 17, 1957, and Decision No. 31388A, rendered on February 18, 1959, canceling petitioner's cer-

tificate, acted in excess of its jurisdiction. If so, the order is void and therefore subject to collateral attack. Tucson Rapid Transit Co. v. Old Pueblo Transit Co., 79 Ariz. 327, 289 P.2d 406.

■ We find it unnecessary to go into detail with respect to petitioner's allegations of error in the Commission proceedings. The subject order of July 17, 1957, was based upon a hearing allegedly held on May 24, 1957. The Commission has not certified to this Court any record of a hearing held on that date. Indeed, the evidence indicates that if what purported to be a hearing was held, it was attended by no more than one commissioner and such record does not indicate a majority of the Commission gave its approval to any finding; that a court reporter was not present; that no transcript of evidence or testimony was taken; and that there was no entry in the Commission docket of what action, if any, was taken with regard to petitioner's certificate. A.R.S. § 40–615 provides, in part:

"A complete record of all hearings held by the commission, or by any of its employees * * * shall be made, including a transcript of the testimony of witnesses at the hearing."

In a recent case involving an application for a certificate, we held that the failure of the Commission to make a complete record of the hearing rendered its order based thereon invalid and of no effect, said failure not being a mere technical omission, but going to the very heart of the power to issue the order. Walker v. De Concini, 86 Ariz. 143, 341 P.2d 933. Since A.R.S. § 40–615 requires a complete record of *all* hearings held by the Commission, the rule of the De Concini case applies with equal force to a hearing held for the purpose of revocation of an outstanding certificate of convenience and necessity.

We hold, therefore, that the action of the Commission canceling the certificate in question was entered without jurisdiction and such orders are declared to be void and of no effect.

PHELPS, C. J., and STRUCKMEYER, UDALL, and BERNSTEIN, JJ., concurring.