Francis P. Yannessa and Elias Magil, Philadelphia, Pa., for plaintiff.

Mark D. Alspach and Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

**James MELO**

v.

**John BAILEY and Gladys Ackroyd, individually and as Executors of the Estate of Jane Emma Bailey, Deceased.**

**Civ. A. No. 28227.**

United States District Court
E. D. Pennsylvania.

Dec. 9, 1960.

WOOD, District Judge.

This is a personal injury action in which the service was made on the defendants pursuant to our Order deputizing the United States Marshal in Trenton, New Jersey to serve the defendants. Service was made accordingly on July 6, 1960, but the suit papers were not transmitted to the parties responsible for the defense of the action until about September 30, 1960. Counsel for plaintiff, although willing to extend defendants' time in which to file an answer, opposes any extension of time for defendants to attack the validity of the service.

Rule 6(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., permits the Court in its discretion to allow an act to be done where the failure to act was the result of "excusable neglect." Thus, the sole issue here presented is whether the defendants' failure to move within the time allowed by the Rules constitutes "excusable neglect" within the meaning of Rule 6(b).

Since there was no attempt on the part of the defendants to delay this action, and since the validity of service is basic to the jurisdiction of this Court over the parties, we hold that the defendants' failure to move within the time allowed by the Rules was excusable neglect. Therefore, we enter the following Order:

## Order

And now, to wit, this 9th day of December, 1960, the defendants' motion for extension of time within which to appear, answer, or otherwise move is hereby granted.