432 P.2d 589

**UNION INTERCHANGE, INC., a California corporation, Appellant,**

v.

**Martin VAN AALSBURG and Elizabeth Van Aalsburg, his wife, dba Van's Trailer Park, Appellees.**

**No. 8458.**

Supreme Court of Arizona, In Banc.

Oct. 5, 1967.

462

Forquer, Wolfe & Rosen, by Robert C. Forquer, Phoenix, for appellant.

Broadman & Crown, by Ira S. Broadman, Phoenix, for appellees.

LOCKWOOD, Justice.

This action was brought by appellant on a contract of advertising allegedly entered into on October 17, 1957. Under its terms appellant was to advertise for sale the appellees' business property known as Van's Trailer Park, for a fee of $750.00, to be paid by appellees after three months "from the printing" (presumably of advertisement) and acceptance of the contract by appellant, or upon sale of the property prior to the expiration of the three months.

Appellant brought suit on July 17, 1958 in the Superior Court, Maricopa County, alleging that all obligations of the contract had been performed by appellant and that appellees had failed to pay the sum of $750.-00 as agreed. Appellants prayed for judgment in the sum of $750.00 with interest and for reasonable attorney's fees. Summons was issued the same day. For reasons not disclosed by the record, appellees were not personally served with the summons and complaint. Service by publication was attempted but appellant in its opening brief admits abandoning service by publication.

On December 30, 1960, appellant filed its affidavit for default for appellees' failure to appear or answer. However, judgment was not entered on the default.

Appellant took no further steps in the prosecution of its suit until September 10, 1962, when it filed what was styled an "amended complaint", and had an alias summons issue thereon the same day. The amended complaint was a complete and word-by-word recital of the allegations of the original complaint alleging two causes of action—an action on the contract, and an action for quantum meruit. Appellees were personally served September 12, 1962, and filed their answer on September 25, 1962. In the answer, the appellees denied the allegations of the complaint generally, and raised the defense of the statute of limita-

tions as to appellant's second cause of action. § 12–543 A.R.S. (1956).

Pursuant to Rule V, Uniform Rules of Practice, Vol. 17, A.R.S. (1956), on October 19, 1962 appellant filed its Motion to Set and Certificate of Readiness. A pre-trial conference was held February 19, 1964, and appellees at that time first became aware that the original complaint in the suit had been filed in 1958. Appellees' motion for leave to amend their answer was granted, and by their amended answer they set up as "an affirmative defense to all causes of action", Rule 6(f), Rules of Civil Procedure, 16 A.R.S. (1956), which provides:

"An action shall abate if the summons is not issued and served, or the service by publication commenced within one year from the filing of the complaint."

Appellees moved for summary judgment pursuant to Rule 56(b) Rules of Civil Procedure, 16 A.R.S. (1956), which motion was granted and the court entered judgment for appellees.

Appellant appeals from the judgment assigning as error the granting of the motion for summary judgment when the facts and law showed that the appellees had waived any defects in service by filing their answer to the amended complaint and appearing for the pre-trial conference.

The legal significance in Arizona of the abatement of an action for failure to serve the defendant within a time limitation specified by statute has been set forth in McCullough v. Western Land & Cattle Co., 27 Ariz. 154, 231 P. 618 (1924). Therein it was held that non-compliance with the then applicable statute, Par. 460, Civil Code of 1913, (which was in language almost identical with the present Rule 6 (f)) if not waived, would defeat plaintiff's action for the present, but would "not debar the plaintiff from recommencing it in a better way".

Rule 41(b), Rules of Civil Procedure, 16 A.R.S. (1956) permits a dismissal without prejudice for a plaintiff's failure to prosecute or to comply with the rules,

and such dismissal can be on motion made by the defendant. A dismissal without prejudice does not go to the merits of the plaintiff's cause and does not bar plaintiff from later filing on the same cause of action. In the same regard, an action which abates for the reason found within Rule 6(f) is not a bar to the cause of action abated. The abatement does not operate to defeat the court's jurisdiction, but merely requires that in order to proceed the plaintiff must refile his complaint. We are satisfied that appellant has, by its filing of the "amended complaint", placed itself within the spirit and intent of the rule as though it had filed a new complaint. Further, it is clear that jurisdiction over the parties and the subject matter of the cause lodged in the Superior Court, Maricopa County, when appellees were personally served, answered, and appeared in the proceeding.

Of far greater moment, and dispositive of this appeal, is the question whether the matter of abatement as provided in Rule 6(f) can properly be the grounds for the granting of a motion for summary judgment.

Rule 56, Rules of Civil Procedure, 16 A.R.S., (1956) provides for the prompt disposition of controversies on their merits without a trial. A motion for summary judgment is properly granted only where the pleadings, affidavits, oral testimony and briefs of the parties affirmatively show there to be no genuine issue as to a material fact remaining to be determined by the court or jury. The granting of a motion for summary judgment is a judgment on the merits and a bar to a later suit on the same cause of action when the requirements of the rule have been satisfied. Appellees by their amended answer generally denied the allegations of the amended complaint, and as such put in issue each and every allegation of the complaint not otherwise admitted. Clearly, there were joined genuine issues of material facts by the language of the appellees' amended answer, and such issues would have to be determined after a trial on the merits of the case.

We hold that it was error for the trial court to grant appellees' motion for summary judgment on the ground that the first action had abated by the provisions of Rule 6(f). It should have been clear at that stage in the proceedings that the parties were properly within the court's jurisdiction and had presented by their pleadings opposing views on the subject matter of appellant's cause of action. Moreover, since a Rule 6(f) abatement never goes to the merits of the action, an abatement pursuant to Rule 6(f) cannot properly be raised by a motion for summary judgment, the granting of which would be a judgment on the merits.

We envision no prejudice to the appellees' position by our decision on this appeal, for at trial on the merits, appellees will have the opportunity to present their witnesses and evidence on the issues in controversy. Rules of procedure are designed to facilitate the just and expeditious prosecution of a case through the courts and should not be burdened with the niceties of gamesmanship; the rules were promulgated to obviate that very evil.

In view of the foregoing holding, it is unnecessary to discuss other matters raised by appellant in attacking the decision of the lower court.

Judgment reversed and remanded.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.