442 P.2d 159

**Paula GARCIA, aka Pauline Garcia, Petitioner,**

**v.**

**Honorable William C. FREY, Judge of the Superior Court, in the County of Pima, and Alfred B. Montes and Eva Montes, husband and wife, Respondents.**

**No. 2 CA–CIV 516.**

Court of Appeals of Arizona.

June 4, 1968.

Rehearing Denied Aug. 26, 1968.
Review Denied Oct. 8, 1968.

May, Dees & Newell, by Paul F. Newell, Tucson, for petitioner.

Russo, Cox & Dickerson, Tucson, by Jerold A. Cartin, Tucson, for respondents, Alfred B. Montes and Eva Montes.

MOLLOY, Judge.

The petitioner having applied to this court for extraordinary relief, and deeming certiorari an appropriate remedy under the circumstances, see Genda v. Superior Court, 103 Ariz. 240, 439 P.2d 811 (1968), we issued a writ of certiorari to

**603**

review the trial court's action in denying the petitioner's motion to dismiss a pending action.

Mr. and Mrs. Montes, husband and wife, on November 30, 1966, filed a complaint in superior court against certain named defendants including the petitioner, seeking to recover for personal injuries. The petitioner was served with an alias summons and complaint on December 30, 1967. Thereafter, on January 16, 1968, petitioner's counsel filed a "motion to dismiss and quash service," relying on Rule 6(f), Rules of Civil Procedure, 16 A.R.S., which provides:

"An action shall abate if the summons is not issued and served, or the service by publication commenced within one year from the filing of the complaint."

A response was filed thereto and on January 29, 1968, a hearing was duly held on the motion. The minute entry recites:

"Counsel argue to the court.

"It appearing to the court that on argument and representation of counsel for the plaintiffs *that good cause has been shown for failure to serve the defendants before the time when service was had,* it is

"ORDERED that the Motion to Dismiss and Quash Service is denied." (Emphasis ours)

The petitioner contends that Rule 6(f), supra, is " * * * clear and unequivocal" and that the trial court had no alternative except to comply with and enter an appropriate order quashing the service and abating the action. In failing so to do, she argues, the trial court acted arbitrarily and without good cause, thereby exceeding its jurisdiction.

Several theories are presented by the plaintiffs in defense of the refusal to dismiss the action, and, in order to clear the air, we first direct our attention to

those we consider ineffective. Plaintiffs argue that because the questioned service was on an "alias summons," issued on September 5, 1967, there was no violation of the one-year time limit of Rule 6(f). They rely upon Union Interchange, Inc. v. Van Aalsburg, 102 Ariz. 461, 432 P.2d 589 (1967). That case differs from the case at bar in that in *Van Aalsburg* an amended complaint was filed upon which an alias summons was issued. However, the plaintiffs here point out that this amended complaint was a " * * * word-by-word recital of the allegations of the original complaint * * *" (102 Ariz. 463, 432 P.2d 591). Accordingly, plaintiffs argue that their failure to so "amend" was only a technical matter of form that should be ignored by this court.

Were it merely a matter of placing the word "amended" on the verbiage of a complaint, we would agree with this argument. But, we are dealing with more than a matter of form. Under Rule 15(c),[1] an amended pleading in the same verbiage as the original complaint would ordinarily relate back to the date of the original pleading. If a plaintiff could always secure another year to serve process by simply refiling his complaint, with an "amended" label, Rule 6(f) would be completely eviscerated.

Our reading of the *Van Aalsburg* opinion convinces us that no such result was intended. The procedural posture of these two cases is quite different. In *Van Aalsburg,* a decision had been rendered in the trial court on motion for summary judgment, on the merits, against the plaintiff's claim. Our Supreme Court pointed out that Rule 6(f) can only result in an abatement of the action, and that, therefore, a judgment on the merits could not be supported on this rule alone. This was considered "dispositive" of the appeal (102 Ariz. 464, 432 P.2d 589).

1. "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment related back to the date of the original pleading." Rule 15(c), R.Civ.P., 16 A.R.S., as amended.

The language used in regarding the "amended" complaint as having some efficacy, we believe, was selected with care:

"We are satisfied that appellant has, by its filing of the 'amended complaint', placed itself within the spirit and intent of the rule as though it had filed a *new complaint.*" (Emphasis ours) 102 Ariz. at 464, 432 P.2d at 592.

▪ A "new complaint" would, of course, not relate back to the filing of the original action. Here we have no pleading whatsoever to regard as a "new complaint," and hence a small difference takes on critical significance, for we conceive it to be important that there be a procedural event which can be looked to for the purpose of determining when the statute of limitations was tolled.[2]

▪ A second argument, which we deem equally ineffective, is that an affidavit filed in this action by counsel appearing for the petitioner-defendant constituted a waiver of any right to enforce the limitation of Rule 6(f). This affidavit was filed in support of a motion to quash an attempt to serve summons by publication. Such motion was made in connection with what was labeled a "special appearance." The affidavit reads, in pertinent part:

"That he is one of the attorneys in the firm of May, Dees & Newell. That in the event the defendants are personally served, that the firm of May, Dees & Newell will appear and defend their interests in said action.

"That the undersigned does not know the present whereabouts of the defendants. That the undersigned represents interests which would be vitally affected by the outcome of said litigation."

From this, we do not glean an "* * * intentional relinquishment of a known right." Murphey v. Valenzuela, 95 Ariz.

30, 32, 386 P.2d 78, 80 (1963). The plaintiffs are clearly put on notice by this affidavit that counsel so appearing represented "* * * interests which would be vitally affected by the outcome of said litigation." Such counsel might very well have authority to make a special appearance to seek to quash service upon their insured, but, without more, it should not be assumed that they have authority to waive defenses on the part of these defendants with whom they were not even in communication.

▪▪ Nor do we see any estoppel here. The plaintiffs made no showing below or here that they relied upon any statements contained in this affidavit to their detriment. Absent reliance and injury, equitable estoppel is inapplicable. Decker v. Hendricks, 97 Ariz. 36, 396 P.2d 609 (1964).

We now pass to grounds we regard as supportive of the order rendered. Our Supreme Court has explained the reason for Rule 6(f):

"Plaintiff is under a legal duty to use due diligence in having service made upon the defendant within the time prescribed by law. One of the fundamental reasons for requiring the plaintiff to exercise due diligence in seeking to have the defendant served with process arises out of the fact that when a suit is commenced the statute of limitations is tolled."

Murphey v. Valenzuela, 95 Ariz. 30, 32, 386 P.2d 78, 80 (1963).

▪ Although Rule 6(f), supra, is couched in mandatory language, *i. e.,* "[a]n action *shall* abate * * *" (emphasis ours), the rule is not self-executing and does not divest jurisdiction already vested. McCullough v. Western L. & C. Co., 27 Ariz. 154, 231 P. 618 (1924).

It is apparent from the minute entry of the trial court that its reason for denying

---

2. The allegations of the complaint as to the date of accrual of the cause of action (December 6, 1964) indicate that the two-year statute of limitations, A.R.S. § 12–542, would bar the plaintiffs from

prosecuting their claim for relief if the complaint here were to be regarded as a "new complaint" at the time of the issuance of the alias summons—September 5, 1967.

the motion to dismiss and quash service of process was that it concluded that the plaintiffs had not breached their duty to use due diligence in having service made upon the petitioner-defendant.

Rule 6(b), as amended, Rules of Civil Procedure, 16 A.R.S., reads:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) * * * (2) *upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect;* but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(d), (g) and (*l*), 60(c) and 73(b) and (s), except to the extent and under the conditions stated in them." (Emphasis ours)

■ We believe that under this rule the trial court could extend the time for accomplishing service of process beyond the one-year limit of Rule 6(f), even after expiration of this prescribed period. *See* Ray v. Rambaud, 103 Ariz. 186, 438 P.2d 752 (1968). The rule, however, limits the exercise of the trial court's discretion to "cause shown" and to instances where the movant's dereliction was the result of "excusable neglect."

The federal courts have liberally utilized the provisions of the federal counterpart of Rule 6(b) to relieve litigants after expiration of the time prescribed for doing certain acts. *See, e. g.,* Bowden v. Boles, 258 F.Supp. 111 (D.C.1966) (court, sua sponte, treated Attorney General's failure to timely respond in habeas corpus proceedings as an instance of "excusable neglect"); Colgate-Palmolive Co. v. North American Chemical Corp., 238 F.Supp. 81 (D.C.1964) (failure to challenge venue); Melo v. Bailey, 191 F.Supp. 11 (1960)

(failure to challenge validity of service of process).

■ Here we have no formal motion to extend the time, but we find the opposition filed by the plaintiffs here to the motion to dismiss sufficient to invoke the power of the trial court to extend under Rule 6(b). In so doing, we "liberally" construe the role, as intended by the promulgator. Union Interchange, Inc. v. Benton, 100 Ariz. 33, 36, 410 P.2d 477 (1966); and *see* Union Interchange, Inc. v. Van Aalsburg, 102 Ariz. 461, 464, 432 P.2d 589 (1967).

At least one federal court has treated a motion for a jury trial, made after expiration of the time prescribed for such request, as a motion to enlarge the time for doing such act, pursuant to the federal counterpart of our Rule 6(b), where the moving party had made out a case of excusable neglect. *See* Wilson & Co. v. Ward, 1 F.R.D. 691 (D.C.1941).

■ Construing the trial court's action as an implied grant of an extension of time for service, *see* Ray v. Rambaud, supra, we must determine whether the record supports such action. As a general rule, review on certiorari is limited to the record sent up from the trial court as to what actually occurred. Mercado v. Superior Court, 51 Ariz. 436, 77 P.2d 810 (1938); 14 C.J.S. Certiorari § 157. We do, however, indulge in the presumption, unless the record shows otherwise, that the trial court acted properly. State v. Superior Court in and for County of Pima, 2 Ariz.App. 466, 409 P.2d 750 (1966); Swajian v. District Court of Sixth Judicial District, 91 R.I. 403, 164 A.2d 311 (1960); 14 C.J.S. Certiorari § 196.

■ The trial court here, as indicated by the minute entry order, made a judicial determination, *i. e.,* that "good cause" had been shown for failure to serve the defendants within the prescribed one-year period.

In this case, the very record itself bespeaks of good cause for extending the time.

On September 5, 1967, plaintiffs' counsel filed his "affidavit of unknown residence" for the expressed purpose of securing service of process by publication. The affidavit recited, inter alia, that the residence and whereabouts of the defendants[3] were unknown, and that counsel had made diligent search and inquiry to ascertain same without success. Defendants' counsel did not controvert these allegations but rather filed an affidavit, quoted supra, which indicates that these counsel themselves did not know of the defendants' whereabouts.

Further supportive of the trial court's ruling is the record here on special writ. Filed in this court in response to the petitioner's application for extraordinary relief is an affidavit which delineates various fruitless attempts to locate and serve the defendants. This affidavit stands unrefuted in this court and no suggestion has been made that the defendants were amenable to service during the period that the plaintiffs indicate they were futilely attempting service.

■ Though the procedure to be followed in special writ practice is less than clear,[4] statements and evidentiary allegations contained in the documents filed in the appellate court are usually deemed admitted if not challenged by the adverse party. *See* Dallas v. Arizona Corporation Commission, 86 Ariz. 345, 346 P.2d 152 (1959) (certiorari); Graham County v. Dowell, 50 Ariz. 221, 71 P.2d 1019 (1937) (mandamus).

■ In California, whence we derive our certiorari statutes, State ex rel. Ronan v. Superior Court in and for County of Maricopa, 95 Ariz. 319, 322, 390 P.2d 109 (1964), it is considered not inappropriate to consider evidence dehors the record below offered " * * * not to impeach the record made in the court below but to supplement and explain it and to develop the true facts upon which must rest the question of the jurisdiction of the superior court * * *." Wilde v. Superior Court of San Diego County, 53 Cal.App.2d 168, 127 P.2d 560, 564 (1942); Triplett v. Superior Court, 57 Cal.App.2d 536, 135 P.2d 4 (1943). Just as augmentation of the record on appeal has been permitted to include extrinsic evidence consideration of which would have the effect of affirmance, Day v. Wiswall's Estate, 93 Ariz. 400, 381 P.2d 217 (1963), we deem it equally appropriate here, where we are called upon to determine whether the superior court acted beyond its jurisdiction or abused its discretion in failing to quash this service. *See* Reid v. Ford, 73 Ariz. 190, 239 P.2d 1079 (1952); Batty v. Arizona State Dental Board, 57 Ariz. 239, 112 P.2d 870 (1941).

For the reasons stated, the order denying motion to dismiss and to quash is affirmed.

HATHAWAY, C. J., and LAWRENCE HOWARD, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LAWRENCE HOWARD was called to sit in his stead and participate in the determination of this decision.

---

3. The petitioner's husband was also joined as a party defendant.

4. Extraordinary writ practice has been referred to as a "murky world" by one law review author. See, Lesher, Extraordinary Writs in the Appellate Court of Arizona, 7 Ariz.L.Rev. 34 (1965).