468 P.2d 936

**Dr. James L. GROBE, Petitioner,**

v.

**The Honorable E. D. McBRYDE, Judge of Superior Court, Pinal County, State of Arizona, and Gordon M. Greenblatt and Bertha Greenblatt, husband and wife, Respondents.**

**No. 9970.**

Supreme Court of Arizona,
In Banc.

May 7, 1970.

Rehearing Denied June 2, 1970.

578

Allen L. Feinstein, Phoenix, for petitioner.

Goodson, Richmond & Rose, by John F. Goodson, Phoenix, for respondents.

UDALL, Justice.

This court accepted jurisdiction of this special action to review an order of the Superior Court, Pinal County, denying petitioner's motion to dismiss under Rule 6(f), Arizona Rules of Civil Procedure, 16 A.R.S. Said motion was based upon the fact that petitioner was not identified as a defendant or served with process for more

than one year after the original complaint was filed. Review by special action is appropriate in these circumstances. See Garcia v. Frey, 7 Ariz.App. 601, 442 P.2d 159 (1968).

The complaint in this action, designated number C–211320, was filed on April 24, 1968. In that complaint the respondents, and real parties in interest, Dr. Gordon M. Greenblatt and his wife, sought damages for defamation, alleging that Dr. Greenblatt's reputation as a physician and surgeon had been damaged by false and malicious statements concerning his fee practices. The complaint named as defendants Doctor Fred A. Nickel, his wife and thirty individuals designated as "John Does 1–30", together with five corporations designated as "Black Corporations 1–5."[1] The complaint, as amended a few weeks later, alleged that the name of the individuals designated as John Doe and the names of the corporations designated as Black corporations were unknown to the plaintiffs at that time.

On September 23, 1969, the trial court granted the plaintiff-respondents' motion to amend the complaint. The second amended complaint identified several of the "John Doe" defendants. "John Doe 8" was identified as Dr. Grobe, the petitioner herein. Dr. Grobe was served on September 30, 1969, more than 17 months after the original complaint was filed.

In October, 1969 Dr. Grobe, and other newly-identified defendants, moved the trial court for dismissal on the grounds that the actions against them had abated under Rule 6(f). Rule 6(f) of our Rules of Civil Procedure provides as follows:

"6(f). *Summons and service; abatement of action.* An action shall abate if the summons is not issued and served, or the service by publication commenced within one year from the filing of the complaint."

Respondent Dr. Greenblatt opposed the motions urging that there was good cause for his failure to serve within one year. On February 16, 1970, the trial court denied the motions to dismiss stating that good cause had been shown.

Accordingly, the question before us is whether the trial court abused its discretion in denying petitioner's motion to dismiss and determining that good cause existed for the respondents' failure to serve Dr. Grobe within one year. This in turn involves the issue of respondents' justification for use of the "John Doe" designation in the pleadings.

■ Rule 6(f) is not self-executing, and the trial court may, where good cause is shown, extend the time within which a defendant may be served. Garcia v. Frey, 7 Ariz.App. 601, 442 P.2d 159 (1968). However, the rule places a legal duty upon a plaintiff to exercise due diligence in serving a defendant within the year period prescribed. Murphey v. Valenzuela, 95 Ariz. 30, 386 P.2d 78 (1963).

■ When a cause of action abates under this rule, the result is not an adjudication on the merits, but a dismissal without prejudice. Thus where the statute of limitations has not run, the plaintiff may file a new complaint and proceed with the action. Union Interchange, Inc. v. Van Aalsburg, 102 Ariz. 461, 432 P.2d 589 (1967). But because the statute of limitations for libel and slander is one year, A.R.S. § 12–541, abatement in the instant case would bar the claims for defamation set forth in the complaint.

The order of the trial court pertained to all of the defendants who moved for dismissal under Rule 6(f). We emphasize that because only Dr. Grobe is before us, we are concerned only with the circumstances in his case.

1. Rule 10(f), Arizona Rules of Civil Procedure, provides as follows:

"10(f) *Designation of defendant.* When the name of the defendant is unknown to the plaintiff, the defendant may be designated in the pleadings or proceeding by any name. When his true name is discovered the pleading or proceeding may be amended accordingly."

■ Upon examination of the record, we must conclude that respondents could have named Dr. Grobe as a defendant and could have served him shortly after filing their original complaint. The record shows that Dr. Grobe and Dr. Greenblatt took part in a legal proceeding in June of 1968 related to the subject matter of the instant litigation. At that time an attorney representing Dr. Greenblatt deposed Dr. Grobe in connection with proceedings before the State Board of Medical Examiners relating to Dr. Greenblatt's fee charges. The attorney representing Dr. Greenblatt was a member of the same firm which represents him here. The deposition took place two months after the original complaint was filed in this action and more than a year before Dr. Grobe was named as a defendant herein.

Dr. Greenblatt here argues that the deposition of Dr. Grobe was not sufficiently related to this litigation because the deposition was taken as part of a medical license hearing. Yet underlying both the license hearing and the instant litigation was the same issue, namely allegations concerning Dr. Greenblatt's fee practices. We do not believe there can be any serious doubt as to respondents' knowledge, at least as of June, 1968, that Dr. Grobe was connected with the subject matter of this litigation.

Nor is there any question that Dr. Grobe could have been located and served at any time after the filing of the complaint. Dr. Grobe has filed an affidavit that at all times following the filing of the complaint he maintained an office in Maricopa County at the same address. He also stated in the affidavit that he resided during the entire 17 month period at the same address where he was served in September, 1969, and further, that he at no time avoided service of process. These statements are not challenged by respondents. This case is thus totally unlike the situation in Gar-

cia v. Frey, supra, where the Court of Appeals found there was good cause for failure to serve the defendant because his whereabouts were unknown.

Respondents' principal explanation of their failure to identify and serve the petitioner within a year is that they required additional time to discover sufficient evidence to prove Dr. Grobe's liability. Respondents further explain that during the relevant period they were diligently pursuing discovery in the litigation, including a deposition of the principal defendant, Dr. Nickel.[2] Such discovery, they maintain, was aimed at producing evidence to determine the liability of Dr. Grobe.

We cannot accept respondents' explanation as constituting good cause under Rule 6(f). Respondents may well have had a laudable motive in desiring to protect the petitioner from possible involvement in litigation. Yet the result has been to deprive Dr. Grobe of notice within the legally prescribed limits.

■ As this court stressed in Murphey v. Valenzuela, supra, since the filing of a complaint serves to toll the statute of limitations, a plaintiff must act diligently in providing notice to defendants within the prescribed year period. This principle should apply not only to service of process, but to identification of defendants by their true names.

■ Under Rule 10(f) defendants may be designated by fictitious names only so long as the plaintiff does not know the true names. See Arizona Land and Stock Co. v. Markus, 37 Ariz. 530, 296 P. 251 (1931). Here the plaintiffs knew the identity of Dr. Grobe, but apparently were only uncertain of the strength of their case against him. It is not difficult to imagine the potential for abuse inherent in permitting the use of fictitious names in a complaint to toll the statute of limitations in-

---

2. Respondents also suggest that they delayed naming Dr. Grobe because they were waiting for Dr. Nickel to return the deposition with his corrections. However, respondents do not suggest that they were unaware of the general contents of the deposition. Moreover, Dr. Grobe was actually named as a defendant before the Nickel deposition was returned.

definitely while the plaintiff perfects his case.

██ Respondents also contend that the delay in naming Dr. Grobe should be excused because personal difficulties of the previous attorney handling respondents' case necessitated assignment of another attorney. We have carefully considered respondents' contentions in this regard. However, the change of attorneys occurred nearly a year after the complaint herein was originally filed. We are unable to hold that the change of attorneys constituted good cause for the failure to identify Dr. Grobe as a defendant.

The record shows that respondents knew of the identity of Dr. Grobe in connection with the subject of this litigation shortly after their complaint was filed. They also knew his whereabouts. Under these circumstances respondents have not shown good cause for their failure to provide petitioner with notice within the year period prescribed by Rule 6(f).

The order of the Superior Court denying petitioner's motion to dismiss is reversed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., McFARLAND, J., and FRANCIS J. DONOFRIO, Presiding Judge Dept. A, Court of Appeals, Division 1, concur.

NOTE: Justice JACK D. H. HAYS having announced his disqualification, Hon. FRANCIS J. DONOFRIO, Presiding Judge of Dept. A, Court of Appeals, Division 1, was called to sit in his stead.