658 P.2d 801

Roy COOK and Jane Doe Cook, David Lester and Jane Doe Lester, Steve Klaimon and Jane Doe Klaimon, Bruce Bell and Jane Doe Bell, and Thomas Goodrum and Jane Doe Goodrum, Petitioners,

v.

SUPERIOR COURT OF MARICOPA COUNTY, Arizona, and the Honorable Joseph D. Howe, and Refugia Garcia, real parties in interest, Respondents.

No. 16253–SA.

Supreme Court of Arizona, En Banc.

Feb. 2, 1983.

Burch & Cracchiolo, P.A. by Brian Kaven and Richard A. White, Phoenix, for petitioners.

H. Michael Wright, Mesa, for respondent Refugia Garcia.

HAYS, Justice.

We accepted jurisdiction of this petition for special action pursuant to 17A A.R.S., Rules of Procedure for Special Actions, rule 8, and we grant the requested relief.

Refugia Garcia sued the State of Arizona, Maricopa County Hospital, Maricopa County Sheriff's Department, and John Does 1–10 for the wrongful death of her husband who died from injuries sustained during his arrest by the sheriff. The lawsuit was filed April 2, 1980. On May 29, 1981, Garcia received answers to interrogatories advising her of the names of Cook, Lester, Klaimon, and Bell, the sheriff's deputies who were involved in the arrest and who had been designated by Garcia as John Does. March 12, 1982, new counsel for Garcia moved to amend the complaint to specifically name the John Doe defendants. April 12, 1982, the motion to amend was granted and Cook, Lester, Klaimon, and Bell were served in

May of 1982. On June 22, 1982, Cook, Lester, Klaimon, and Bell moved to dismiss the complaint on grounds of abatement and statute of limitations. On July 23, 1982, Judge Howe denied the motion. A motion for rehearing was denied and this petition was filed.

Petitioners first contend that Garcia's original complaint should be dismissed against them because it abated under 16 A.R.S. Rules of Civil Procedure, rule 6(f), because the summons and complaint were not amended and served upon petitioners within the one-year period for service of process prescribed by the rule. It is true that Garcia did not know the true identities of the petitioners until approximately one year and two months from the date of filing the original complaint. Moreover, Rule 6(f) is not self-executing and the trial court may, where good cause is shown, extend the time within which the defendant may be served. *Garcia v. Frey,* 7 Ariz.App. 601, 442 P.2d 159 (1968). However, in the case before us, Garcia did not amend her complaint to name the defendants until almost ten months after she had learned their names and two months after the statutory period of limitations had passed.

The question we must answer is whether respondent exercised reasonable diligence in naming and serving petitioners. *Van Campen v. Upjohn Co.,* 19 Ariz.App. 81, 504 P.2d 1304 (1973). Respondent cites two reasons for her delay. She says that she was not sure of the extent of the liability of the deputies and did not want to name them until she had ascertained that liability. Garcia also said her original attorney had overlooked amending the complaint and her new attorney had pursued the matter promptly upon discovering the need for action. These reasons for delay are precisely those claimed by respondents in *Grobe v. McBryde,* 105 Ariz. 577, 468 P.2d 936 (1970), where we said:

"Under Rule 10(f), defendants may be designated by fictitious names only so long as the plaintiff does not know the true names. Here the plaintiffs knew the identity ..., but apparently were only uncertain of the strength of their case against him. It is not difficult to imagine the potential for abuse inherent in permitting the use of fictitious names in a complaint to toll the statute of limitations indefinitely while plaintiff perfects his case."

105 Ariz. at 580–81, 468 P.2d at 940.

The *Grobe* court also held that the change of attorneys did not constitute good cause for the failure to identify the John Doe defendant.

We hold here as we did in *Grobe, supra,* that respondent's reasons for delay were not sufficient to constitute excusable neglect and her complaint as against defendants Cook, Lester, Klaimon, and Bell abated.

Petitioners next contend that respondent's amended complaint against them is barred by the statute of limitations. We agree.

A.R.S. § 12–542 states:

"There shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:

. . . .

"2. For injuries done to the person of another when death ensues from such injuries, which action shall be considered as accruing at the death of the party injured."

Garcia's husband died January 16, 1980. The amendment was not made until April of 1982. Respondent argues that although the statute of limitations has passed, and even if her complaint is found to have abated, Arizona Rules of Civil Procedure, rule 15(c), should allow the amendment designating the deputies as defendants to relate back to the original filing date. While the effect of abatement is the same as dismissal without prejudice and respondent would be permitted to refile within the period of limitations, here the statute of limitations had run before the amendment was made. Since the original complaint had abated, nothing remained to which the amendment could relate back.

Garcia argues that this result leaves Rule 15(c) without a purpose. This is not so. Rule 15(c) exists to allow relation back of amendments made after the statute of limitations has passed where the original complaint is still valid. Here, since the complaint abated and the statute of limitations passed before the amendment was made, the amendment cannot relate back to the original filing date and must be dismissed against petitioners.

The order denying petitioners' motion to dismiss is hereby vacated with directions to enter an appropriate order consistent with this opinion.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.