NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the marriage of
ANTHONY MONTE, *Petitioner/Appellant*,

*v.*

KARA BERTSCH MONTE, *Respondent/Appellee*.

No. CV15-0814 FC
FILED 7-11-2017

Appeal from the Superior Court in Maricopa County
No.  DR2000-000598
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

COUNSEL

Law Office of Florence M. Bruemmer, P.C., Anthem
By Florence M. Bruemmer
*Counsel for Petitioner/Appellant*

The Wilkins Law Firm, PLLC, Phoenix
By Amy M. Wilkins
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

---

**T H O M P S O N**, Judge:

¶1 Anthony Monte (father) appeals from the family court's post-decree determination that he owed Kara Bertsch Monte (mother) damages for his failure to comply with a 2006 tenancy agreement.[1] Finding no error, we affirm.

**FACTUAL AND PROCEDURAL BACKGRIOUND**

¶2 The parties were married in 1998 and a year later had a child. In 2001, father and mother entered into a consent decree for the dissolution of their marriage. On or about 2006 the parties entered into a one page notarized tenancy agreement in which father "agree[d] to purchase the house at 3531 E. Tere Street, near Colina Elementary School, for the exclusive residency of Kara Bertsch Monte and their son." The agreement provided that father would be responsible for the mortgage, taxes, insurance and all major repairs and maintenance. Mother was responsible for the Home Owners Association (HOA) dues, utilities, and minor upkeep including landscaping. The tenancy agreement, by its terms, was set to expire in June 2017 after the child turned eighteen. Under the terms of the agreement mother had a right of first refusal to buy the property at the amount father originally paid for it. The agreement further provided that payments towards the house was "NOT IN LIEU OF CHILD SUPPORT and will NOT be factored when calculating child support obligation."

¶3 Mother and son took up residence in the house. Over time the house fell into disrepair. In 2012 mother filed a civil complaint in Maricopa County Superior Court Case No. CV2012-093140 alleging

---

[1] Mother had previously filed a cross-appeal, however the cross-appeal was dismissed.

father's breach of the tenancy agreement, their 2009 parenting agreement, and a car agreement.[2] As part of that action, mother sought child support. The trial court dismissed the complaint without prejudice with leave to refile a complaint "that sets forth causes of action that do not require the Court to conduct a Best Interest Analysis under Title 25." Mother did not refile.

¶4            Meanwhile, the parents engaged in family court litigation regarding parenting time, decision-making, and residential custody of the child. Eventually the parents consented to allow the family court to decide the breach of contract claim under the tenancy agreement. Among other issues, mother asserted father breached the agreement by failing to complete major repairs and maintenance.

¶5            In approximately August or September 2014, the child began to reside with father.[3] Father sent mother a 30-day termination notice approximately six months later. Mother did not vacate the residence.

¶6            The parties filed position statements on the damages issue and a hearing was held. Father's position was that the agreements were invalid for lack of consideration and no longer applied because the child did not live with mother. He also argued that he should have offsets for an insurance payment mother received, for HOA payments she didn't make, and for child support she received after the child had moved out. At the court's request, mother submitted an itemized list of damages to the home totaling $206,005.47. Father did not respond to her itemized damages assessment. The trial court entered a $192,405.47 judgment in mother's favor for father's failure to make repairs under the tenancy agreement. Father requested, and the family court granted, a new trial. Father then submitted a response to mother's damages claim, in which he asserted she was not entitled to any damages under any of her claims. After a contested hearing, mother's damages for repairs was reduced to $45,923.15. Father filed a notice of appeal.

¶7            Shortly thereafter, mother filed a moved for new trial based on newly discovered evidence, namely that father had allowed the house to go into foreclosure unbeknownst to mother or the court. The trial court

---

[2] Only the tenancy agreement is at issue here.

[3] Father was awarded primary residential custody in June 2015. Mother continued to live in the house.

granted a new trial on damages. A new trial was held and the court again ruled in mother's favor and entered an amended judgment awarding mother $33,600 in damages for the cost of mother obtaining a rental property through June 2017. The court noted that because the home was being foreclosed, mother's damages now were that "she will not have a place to live," rather than the damages arising from the physical problems with the home. The court chastised father, stating he "could have saved everybody a lot of time and expense by simply fully disclosing the fact that he allowed the mortgage to go into default. By concealing the fact, he allowed one trial to be completed and necessitated a second trial." Mother was awarded $5000 in attorneys' fees due to father's failure to disclose that the house was in foreclosure. Father filed a notice of appeal from the amended judgment.

## DISCUSSION

¶8          Father asserts that the family court erred in finding that he breached the tenancy agreement. To this end, father first argues that litigation of the tenancy agreement was precluded because mother previously raised this contract action in a separate lawsuit.

¶9          Issue preclusion "binds a party to a decision on an issue litigated in a previous lawsuit if the following factors are satisfied: (1) the issue was actually litigated in the previous proceeding, (2) the parties had a full and fair opportunity and motive to litigate the issue, (3) a valid and final decision on the merits was entered, (4) resolution of the issue was essential to the decision, and (5) there is common identity of the parties." *Garcia v. Gen. Motors Corp.*, 195 Ariz. 510, 514, ¶ 9, 990 P.2d 1069, 1073 (App. 1999). Mother's complaint was dismissed without prejudice with a note by the judge indicating that it was an inappropriate venue for a family law matter.[4] There was no litigation. A dismissal without prejudice is not an adjudication on the merits. *See Union Interchange, Inc. v. Van Aalsburg*, 102 Ariz. 461, 464, 432 P.2d 589, 592 (1967) ("A dismissal without prejudice does not go to the merits of the plaintiff's cause and does not bar plaintiff from later filing on the same cause of action."). For that reason, issue preclusion does not apply here.

---

[4] Mother was granted "leave to re-file a complaint that sets forth causes of action that do not require the court to conduct a Best Interest Analysis under Title 25."

¶10 Father alternatively asserts the tenancy agreement was conditional upon the child's residing with mother. When this defense was raised with the family court, it found father signed a contract that unconditionally obligated him to make the mortgage payments. It stated that there was no language in the tenancy agreement that conditioned the obligation to pay on the child residing in the house.

¶11 Contract interpretation is a question of law we review de novo. *Taylor v. Graham Cty. Chamber of Commerce*, 201 Ariz. 184, 192 33 P.3d 518, 526 (App. 2001). A general principle of contract law is that parties are bound by lawful contract terms of which are clear and unambiguous, and this court must give effect to the contract as written. *See Estes Co. v. Aztec Constr., Inc.*, 139 Ariz. 166, 168, 677 P.2d 939, 941 (App. 1983).

¶12 The tenancy agreement is clear. Father "agrees to purchase the house at 3531 E. Tere Street, near Colina Elementary School, for the exclusive residency of Kara Bertsch Monte and their son." The contract goes on to list five "conditions" which mother must comply with:

> 1. No non-related males will reside in house.
> 2. She will not rent out rooms/ or have other adults residing in said house.
> 3. Remarriage of Kara Monte dissolves contract.
> 4. She will be responsible for all aesthetic maintenance and regular maintenance of property, including house, landscaping, and pool.
> 5. She will be responsible for Home Owner's Association fees and utilities.

¶13 It also lists another potential future condition, namely what should occur if father lost his source of income. Nowhere in the conditions is a requirement that the child must reside with mother for her to have use of the house. We find no error in the family court's ruling on the tenancy agreement.

¶14 Next, father argues the family court erred in failing to offset from the damages award monies he asserts that mother owes him. Father includes a laundry list of items he believes should have been offset from any damages claim. Father asserts that mother failed to pay the HOA fees or for property landscaping and maintenance. He argues the court should have offset monies he lost during the remodel of the pool, for child support mother received after the child had moved out, for an auto

insurance settlement mother received, and for general unspecified damages that mother did to the property.

¶15 The family court was aware of father's assorted offset claims, yet declined to award any offset. First, the court acknowledged that mother failed to keep the property up. It said:

> Mr. Monte also argues that Ms. Monte did not comply with her obligation to be responsible for the regular maintenance of the property. While it may be true that Ms. Monte did not comply with this obligation, any damages suffered by Mr. Monte are impossible to calculate and are, in any case, unliquidated. The Court cannot and will not offset an unliquidated amount against Ms. Monte's liquidated damages.

Second, it specifically declined to offset any HOA payments that mother should have made, finding her damages in the amount of $2,100 for each month she would be without housing was "reasonable." Third, the court had previously determined that the $50,000 insurance award was hers to keep. Finally, the issue of child and spousal support came before the court, after the child had moved in with father, and the court terminated both. It did not, however, indicate that funds paid to mother resulted in an overpayment. When father twice later raised the potential of a child support overpayment of $25,000 as an offset to her repair claims, the family court did not adopt father's reasoning.

¶16 Mother asserts "[f]ather did not prove his damages with reasonable certainty." Father asserts that between the documents and the testimony, the court could have fixed a sum of damages to be offset. The standard of review for a damages award is an abuse of discretion. *King v. O'Rielly Motor Co.*, 16 Ariz. App. 518, 524, 494 P.2d 718, 724 (1972). The court found father's damages "impossible to calculate" and "unliquidated." The family court considered father's offset arguments and declined to adopt them. Evidence in the record supports the family court's damages ruling. Finding no abuse of discretion, we affirm.

## ATTORNEYS' FEES

¶17 Mother and father both seek an award of attorneys' fees pursuant to Arizona Revised Statutes (A.R.S.) § 25-324 (2017); father additionally seeks attorneys' fees pursuant to A.R.S. § 25-341.01 based on a contract action. Mother, as the successful party on appeal on this

contract action, is awarded fees in an amount to be determined after compliance with ARCAP 21.

## CONCLUSION

¶**18**     For the above stated reasons, the family court is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA